**In the Matter of the DAN COHEN COMPANY, Debtor.**

No. 34558.

United States District Court
S. D. Ohio, W. D.

Sept. 12, 1963.

Arthur L. Hart, Vincennes, Ind., for petitioner.

Strauss, Troy & Ruehlmann, Cincinnati, Ohio, Bamberger & Feibleman, Indianapolis, Ind., for respondent The Dan Cohen Co.

JOHN W. PECK, District Judge.

█ The Petition for Review of an order of the Referee in Bankruptcy which brings this matter before us presents a single and narrow question. That question is whether the filing of a petition for an arrangement under Chapter XI of the Bankruptcy Act (11 U.S.C. § 701 et seq.) institutes a "proceeding in bankruptcy" within the meaning of that phrase as used in a lease.

In the instrument in question, the petitioner herein leased certain premises to the debtor-in-possession and contained the following provision: "If any *proceedings in bankruptcy* shall be instituted by or against the Lessee, * * * or if a receiver or trustee be appointed for such property, or if this Lease by operation of law or execution pass to any person or persons, the Lessor * * * shall have the election and right to take the immediate possession of and re-enter said premises; * * *" (Emphasis supplied)

The debtor-in-possession has denied the right of the lessor to re-entry on the ground that a Chapter XI action is not a proceeding in bankruptcy within the contemplation of this provision of the lease, and it has been supported by the Referee in the order appealed from.

The debtor-in-possession relies heavily on In re Burke, 76 F.Supp. 5 (S.D.Cal. 1948) where in a situation generally similar a denial of re-entry was affirmed. However, in that case the lease provided for optional termination upon "the *adjudication* of the Bankruptcy of the lessee," and the holding amounts to no

**448**

more than an iteration of the rather obvious fact that termination was not contemplated in "occasions of other proceedings in Bankruptcy, when no adjudication takes place * * *."

Another case concerning itself with a phrase more nearly similar than that here under review is of greater assistance. In In re Ulen & Co., 46 F.Supp. 437 (S.D.N.Y.1941), aff. 130 F.2d 303 (2d Cir., 1942), it was held that an arrangement is a "bankruptcy proceeding." In the present matter, attempts have been made to distinguish the Ulen case, but the attempted distinction is without substance. See also 8 Collier on Bankruptcy, Sec. 4.03 (1941).

■ The debtor-in-possession persuasively presents the arguments, supported by unimpeachable authority, to the effect that forfeiture provisions must be strictly interpreted against the party for whose benefits they have been created. That respected rule of law, however, is without application until and unless an ambiguity is found to exist in the provision under scrutiny, and we do not find that to be the present circumstance. The debtor-in-possession argues, in effect, that had the lessor intended a Chapter XI provision to have been contemplated as a basis for re-entry she could have specifically done so. Conversely, it is pointed out that had the parties to the lease intended that re-entry could be based only on proceedings under Chapters I through VI they could easily have so provided, and not having done so it is determined that they clearly intended any proceeding under the Act to be a "proceeding in bankruptcy." A realistic and reasonable interpretation of the provision leads to the conclusion that the lessor attempted to protect herself against a number of possibilities, one of which occurred: A proceeding in bankruptcy was instituted by the lessee.

The debtor-in-possession complains that even if otherwise entitled to possession proper and sufficient notice under the lease was not given by the lessor, but this contention is found to be without merit.

In accordance with the foregoing,

It is hereby ordered that the Order of the Referee in Bankruptcy entered May 23rd, 1963, should be and it is hereby reversed, and the cause remanded for further action consistent herewith.