No. 71–1645. Weaver et ux. *v.* Hutson, Trustee in Reorganization. C. A. 4th Cir. Certiorari denied.

Mr. Justice White, dissenting.

Section 70 (b) of the Bankruptcy Act provides in part:

"[A]n express covenant [in a lease] that an assignment by operation of law or the bankruptcy of a specified party thereto or of either party shall terminate the lease or give the other party an election to terminate the same is enforc[ea]ble." 11 U. S. C. § 110 (b).

In *Finn* v. *Meighan*, 325 U. S. 300 (1945), the Court held § 70 (b) fully applicable in c. X reorganization proceedings despite arguments that enforcement of forfeiture clauses could deprive the debtor of property vital to the continuance of the business and so defeat the very purpose of the reorganization proceedings.* The Court said:

"There is some suggestion, however, that that provision is applicable only in ordinary bankruptcy proceedings and not to reorganizations under Ch. X. It is pointed out that frequently the value of enterprises is greatly enhanced by leases on strategic

---

*The petitioner argued, Brief for Petitioner in No. 953, O. T. 1944, pp. 4–5, 11:

"The fundamental purpose of Chapter X of that Act would in many cases be thwarted if valuable, and often vital, assets were lost by the very fact of the institution of reorganization proceedings designed to conserve the debtor's property. . . . In innumerable instances, corporate contracts, including leases, constitute assets which, in many cases, are vital to the continuance of the business. Many such corporate contracts contain clauses of the type involved herein. If the decision in the instant case of the Circuit Court of Appeals for the Second Circuit should in such situations be followed, the very filing and approval of the petition for reorganization would immediately operate to cancel such executory contracts and thus defeat in large part the very purpose of the reorganization proceedings . . . ."

premises and that if forfeiture clauses were allowed to be enforced, reorganization plans might be seriously impaired. But Congress has made the forfeiture provision of § 70 applicable to reorganization proceedings, under Ch. X. . . . Thus we must read § 70 (b) as providing that an express covenant is enforceable which allows the lessor to terminate the lease if a petition to reorganize the lessee under Ch. X is approved. Cf. *In re- Walker,* 93 F. 2d 281. That being the policy adopted by Congress, our duty is to enforce it." 325 U. S., at 302–303.

In the case before us the Court of Appeals for the Fourth Circuit refused to apply § 70 (b) in a reorganization proceeding and to enforce a termination provision in a lease, because to do so, in its opinion, would emasculate the reorganization plan. The Court of Appeals relied on *Smith* v. *Hoboken R. Co.,* 328 U. S. 123 (1946), where this Court held that § 70 (b) did not require recognition of a forfeiture provision in the context of a railroad reorganization under § 77 because the forfeiture would deprive the Interstate Commerce Commission of its statutory function. The Court was careful to distinguish *Finn:*

"*Finn* v. *Meighan, supra,* involved the forfeiture of a lease in reorganization proceedings under Ch. X. But the problem there was not complicated by any provisions of Ch. X giving to an administrative agency the functions entrusted to the Interstate Commerce Commission under § 77. As we stated in *Palmer* v. *Massachusetts,* 308 U. S. 79, 87, '. . . the whole scheme of § 77 leaves no doubt that Congress did not mean to grant to the district courts the same scope as to bankrupt roads that they may have in dealing with other bankrupt estates." 328 U. S., at 133 n. 5.

Because the decision of the Court of Appeals appears to depart from the views of the Court expressed in *Finn,* I would grant the petition for certiorari and set the case for argument.