In the Matter of D. H. OVERMYER, CO., INC., et al., Debtors-Appellants,

**and**

Robert P. Herzog, Receiver-Appellant.

No. 470, 484, Docket 74–2326, 74–2445.

United States Court of Appeals, Second Circuit.

Argued Nov. 18, 1974.

Decided Feb. 5, 1975.

Gary L. Blum, New York City (Levy, Levy & Ruback, New York City, on the brief), for debtors-appellants.

W. B. Sandler, New York City (Booth, Lipton & Lipton, New York City, on the brief), for receiver-appellant.

Zalkin, Rodin & Goodman, New York City (Richard S. Toder, New York City, of counsel), for appellees Civic Parking Square, Inc., and others.

Abberly, Kooiman, Marcellino & Clay, New York City, for appellee E. R. Carpenter Co.

Reavis & McGrath, New York City (Stephen R. Steinberg, David C. Birdoff, Stephen H. Lewis, New York City, of counsel), for appellee Fiduciary Research, Inc.

Hahn, Hessen, Margolis & Ryan, New York City (Daniel A. Zimmerman, New York City, of counsel), for appellees Norman S. Glauber, Jr., and others.

McManus & Ernst, New York City, for appellees Robert S. Kahn, and others.

Martin F. Brecker, New York City (Henry & Brecker, New York City, on the brief), for appellees Florence Lazar, and others.

Wachtell, Lipton, Rosen & Katz, New York City (Theodore Gewertz and Allen P. Rosiny, New York City, of counsel), for appellees Samuel H. Pokrass, and others.

Nickerson, Kramer, Lowenstein, Nessen, Kamin & Soll, New York City (Harold P. Weinberger, New York City, of counsel), for appellee The 614 Company.

Howard R. Slater, Chicago, Ill. and Weinstein, Skoller & Kaye, P. C., New York City (William S. Kaye, New York City, of counsel), for appellee David Spatz.

Bachner, Tally & Mantell, New York City, for appellee Torrano.

Before SMITH, HAYS and MANSFIELD, Circuit Judges.

HAYS, Circuit Judge:

This appeal concerns 15 warehouse leases held by subsidiaries of the D. H. Overmyer Company. On November 16, 1973, Overmyer and its subsidiaries filed petitions for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 et seq. (1970). Upon application by Overmyer's landlords, Bankruptcy Judge Roy Babitt ordered the termination of the leases in question and

the return of possession to the landlords. His orders were affirmed by the United States District Court for the Southern District of New York.

I.

Since the business background of this case has already been outlined in the opinions of Bankruptcy Judge Babitt and District Judge Werker, see In re D. H. Overmyer Co., 383 F.Supp. 21 (S.D.N.Y. 1974), we will set out only those facts necessary for an understanding of this appeal. Overmyer is in the business of renting warehouse space. Its practice has been to purchase parcels of land upon which to construct warehouses, sell the warehouses to investors under a lease-back arrangement, and then sublease them to the actual users. While the leases between Overmyer and its landlords are generally long-term, the subleases between Overmyer and its tenants are short-term and, of course, are for a higher rental than Overmyer pays. It is generally Overmyer's responsibility to maintain the premises and pay the taxes.

By the time the Chapter XI petitions were filed, relations between Overmyer and its landlords were already strained. Several had initiated procedures to terminate their leases on the ground that Overmyer had failed to pay its rent and to fulfill its other contractual obligations. Several had begun proceedings in state courts to regain possession of their premises. After the petitions were filed, the bankruptcy judge stayed all such proceedings. However, virtually all the landlords soon initiated proceedings before him in which they sought to terminate the leases on the basis of the bankruptcy default clause, which provided for termination upon the filing by the tenant of a petition for a reorganization or arrangement under the Bankruptcy Act. A few of the landlords continued to rely on the rent default termination provisions which they had previously invoked.

The bankruptcy judge found that Overmyer's rent defaults were "staggering." He further found that because of

Overmyer's failure to fulfill its obligations, the landlords had to invest additional funds to pay off mortgage and tax debts and avoid foreclosure. Finally, he considered there to be little chance for Overmyer's rehabilitation based on its proposed arrangement, which he found totally unrealistic. The bankruptcy judge concluded that the disputed leases should be terminated and possession returned to the landlords since equitable considerations did not warrant the continuation of the leases in light of the applicable termination provisions.

## II.

The appellants argued in the district court and again here that the bankruptcy judge's orders are inconsistent with the decision in Queens Boulevard Wine & Liquor Corp. v. Blum, 503 F.2d 202 (2d Cir. 1974). They contend that under *Queens Boulevard*, the leases should not have been terminated because they are essential to the debtor's business and to its rehabilitation under Chapter XI and because termination would result in a windfall for the landlords. We disagree.

Section 70b of the Bankruptcy Act, 11 U.S.C. § 110(b) (1970), provides that

"an express covenant that . . . the bankruptcy of a specified party thereto or of either party shall terminate the lease . . . [is] enforceable."

In Finn v. Meighan, 325 U.S. 300, 65 S.Ct. 1147, 89 L.Ed. 1624 (1945), the Supreme Court applied this section in upholding the bankruptcy court's decision to terminate a lease held by a debtor in a Chapter X proceeding.[1] In Smith v. Hoboken R.R., Warehouse and S.S. Connecting Co., 328 U.S. 123, 66 S.Ct. 947, 90 L.Ed. 1123 (1946), the Court reaffirmed its holding in *Finn* and applied it to railroad reorganizations as well as Chapter X proceedings. 328 U.S. at 126–28, 66 S.Ct. 947. However, the Court noted the public interest in successful railroad re-

organizations and held that this factor should have been considered by the Interstate Commerce Commission before a decision was made to terminate a lease under § 70b. Id. at 131–33, 66 S.Ct. 947.

■ Extending the holding in *Smith*, we held in *Queens Boulevard* that a bankruptcy court may exercise its equitable discretion to deny enforcement of a termination clause when continuation of the lease would not prejudice the landlord and termination of the lease would render an otherwise promising arrangement under Chapter XI impossible. 503 F.2d at 206–07. See Weaver v. Hutson, 459 F.2d 741 (4th Cir. 1972), cert. denied, 409 U.S. 957, 93 S.Ct. 288, 34 L.Ed.2d 227 (1973); In re Fleetwood Motel Corp., 335 F.2d 857 (3d Cir. 1964).

The facts in this case are strikingly different from those in *Queens Boulevard*. The lower courts found that Overmyer's conduct toward the landlords did not justify granting it equitable relief from the terms of its leases. 383 F.Supp. at 24–25. While the debtor in *Queens Boulevard* was only one month behind in rent payments and the landlord was protected by a security deposit, Overmyer had consistently been behind in payments of its rent, mortgage, and tax obligations and the landlords had frequently been forced to borrow money to make those payments. See 383 F.Supp. at 25 n.6. In addition, the lower courts found that unlike the debtor in *Queens Boulevard*, Overmyer had presented no feasible plan for an arrangement with any reasonable chance of success. Id. at 25.

■ In light of these facts and the general rule of § 70b in favor of the enforceability of bankruptcy termination clauses, see Queens Boulevard Wine & Liquor Corp. v. Blum, supra 503 F.2d at 207, we hold that the district court did not abuse its equitable discretion by affirming the orders terminating the fif-

---

1. § 70b is applicable in Chapter XI proceedings as well. See Queens Blvd. Wine & Liquor Corp. v. Blum, 503 F.2d 202, 204 (2d Cir. 1974); 8 Collier on Bankruptcy ¶ 6.32 n.30 (14th ed. 1971). Cf. § 302 of the Bankruptcy Act, 11 U.S.C. § 702 (1970).

teen leases in question and returning the landlords to possession.

### III.

Appellants argue that the bankruptcy judge should have made more specific findings of fact. In particular, they contend that in the four cases in which pre-petition rent default and not bankruptcy was the asserted basis for termination, the bankruptcy judge was required to list his specific findings as to each lease. Appellants also insist that the district judge erred in finding that there had been an effective termination prior to the petition in each of those instances and that in any case, his findings cannot be substituted for those of the bankruptcy judge, who, they argue, failed to consider the question.

Bankruptcy Rule 752, which requires the bankruptcy court to "find the facts specially," is an adaptation of Rule 52 of the Federal Rules of Civil Procedure. See Advisory Committee's Note, Bankruptcy Rule 752. The purpose of both rules is to ensure that the reviewing court is informed of the basis of the lower court's decision. See In re Metropolitan Realty Corp., 433 F.2d 676, 679 (5th Cir. 1970), cert. denied, 401 U.S. 1008, 91 S.Ct. 1251, 28 L.Ed.2d 544 (1971). In this case, the district court was apparently satisfied that based on the findings and the record, it had a "clear understanding" of the bases of the bankruptcy judge's decision and that effective review was therefore possible. 383 F.Supp. at 27. We agree.

The central issue in the many proceedings before the bankruptcy judge was whether he should exercise his equitable power to allow the debtors to remain in possession, despite the fact that the leases had either already been terminated at the time of bankruptcy[2] or were subject to termination upon bankruptcy. The court declined to do so because it found a pervasive pattern of abuses by Overmyer in its relationship with the landlords and no realistic prospect for future improvement. It was not necessary for the court to list the exact figures in the case of each lease in order to justify that conclusion.

Appellants argue that in the four rent default cases, the bankruptcy judge never confronted the preliminary question of whether the leases were actually terminated before the petitions were filed. This contention is without merit. In each of the rent default cases the bankruptcy judge signed an order declaring the particular lease terminated as of the pre-petition date on which, according to his view of the evidence, the proper procedures for termination had been completed in that case.

Appellants further argue that the evidence does not support a finding either by the bankruptcy judge or by the district judge that the leases were properly terminated. We hold, however, that the finding of termination was not clearly erroneous. The arguments based upon state law, which were raised for the most part for the first time in this court, we find unpersuasive.

Affirmed.

---

2. Absent overriding equitable considerations, the bankruptcy judge in a Chapter X or XI proceeding is charged with enforcing valid lease terminations against debtors still in possession not only in the § 70b situation of a bankruptcy termination clause but also when termination is based on other lease provisions having nothing to do with bankruptcy. See Schokbeton Industries, Inc. v. Schokbeton Products Corp., 466 F.2d 171, 175–76 (5th Cir. 1972). Cf. In re Lane Foods, Inc., 213 F.Supp. 133, 136 (S.D.N.Y.1963).