In the Matter of M & M TRANSPORTA-
TION COMPANY, Debtor.

No. 77 B 122.

United States District Court,
S. D. New York.

Aug. 18, 1977.

Finley, Kumble, Wagner, Heine, Grutman & Underberg, New York City by Frederic Weinberg, New York City, for debtor.

Anderson, Russell, Kill & Olick, New York City by Arthur S. Olick, New York City, for Nelson Freightways.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

Nelson Freightways ("Nelson") has appealed to this Court from orders and judgments of Bankruptcy Judge Roy Babitt made on February 10, 1977. He enjoined Nelson from terminating an Equipment Lease ("lease") between it and the debtor, M & M Transportation Company ("M & M"); ordered that M & M may, pursuant to the Lease, exercise its rights to purchase the leased property within sixty days of the entry of the order, and, finally, dismissed Nelson's petition. After a careful review of the authorities and the record below, we affirm Judge Babitt's orders in their entirety and dismiss Nelson's appeal.

There is no dispute as to the facts. In February of 1975, Nelson and M & M entered into a lease agreement pursuant to which M & M leased from Nelson approximately 275 trucks and trailers. Section 7A of the lease agreement provided that:

In the event that . . . (c) Lessee [M & M] shall dissolve or become insol-

vent (however evidenced) or make a general assignment for the benefit of creditors, or any proceeding under any bankruptcy or insolvency statute or any laws relating to the relief of debtors be commenced . . . Lessor [Nelson] may, without notice or demand (i) immediately terminate this Lease and Lessee's rights hereunder. . . .

In addition, Section 5A of the lease gave M & M the option to purchase the leased vehicles at their depreciated "book" value upon notice to Nelson at any time during the term of the lease. This option constitutes a very valuable asset to the debtor as the book value is, at any given time, substantially less than the fair market value (Tr. 18).[1] This aspect of the lease was bargained for by M & M and accepted by Nelson (Tr. 17–18, 26).

On January 19, 1977, M & M filed a petition for an arrangement under Chapter XI, Section 322, of the Bankruptcy Act. Pursuant to an order of the Bankruptcy Court, M & M was continued in operation of its business and the management of its property as Debtor-In-Possession. Thereupon, Nelson notified M & M by letter that it declared the lease in default and that M & M return all vehicles leased thereunder. M & M has refused to do so and moved for an order enjoining Nelson from repossessing the vehicles.

■ Section 70(b) of the Bankruptcy Act, 11 U.S.C. § 110(b), reads in pertinent part:

[A]n express covenant [in a lease] that . . . the bankruptcy of a specified party thereto or of either party shall terminate the lease or give the other party an election to terminate the same shall be enforceable.

This section applies to Chapter XI proceedings through Section 302 of the Bankruptcy Act, 11 U.S.C. § 702. *Queens Boulevard Wine & Liquor Corp. v. Blum,* 503 F.2d 202, 204 (2d Cir. 1974). See also *Speare v. Consolidated Assets Corp.,* 360 F.2d 882 (2d Cir. 1966); *Geraghty v. Kiamie Fifth Avenue Corp.,* 210 F.2d 95 (2d Cir. 1954). However, the Bankruptcy Judge clearly has the power, in his equitable discretion, to prevent the termination of leases containing bankruptcy default provisions. That was established beyond peradventure in *Queens Boulevard, supra,* and *In re D. H. Overmeyer Co., Inc.,* 383 F.Supp. 21 (S.D.N.Y.1974), affirmed 510 F.2d 329 (2d Cir. 1975).

The purpose of Chapter XI arrangements is salutary: to preserve a viable business enterprise where possible and especially when that will be in the "best interest of . . . creditors." 11 U.S.C. § 766. See *In re Peoples Loan & Investment Co.,* 410 F.2d 851 (8th Cir. 1969). Cf. 9 Collier, Bankruptcy par. 9.17, at 281 (14th ed. 1972). At issue, therefore, is a consideration of the interest of lessor Nelson arrayed against the interests of lessee M & M along with its creditors.

■ M & M has come seeking equity with clean hands: it is current in all its obligations to Nelson under the lease and has done nothing to impair the value of the leased vehicles.[2] In *Queens Boulevard, supra,* the Court of Appeals for this Circuit upheld the bankruptcy court's refusal to enforce a conditional limitation in a commercial lease which authorized the landlord to terminate the lease in the event its tenant should file a petition for an arrangement under Chapter XI. There the debtor, a liquor store, had filed a petition under Chapter XI and, at that time, it was one-month in arrears in its rent. The landlord, who received an offer to lease the store at a higher rent, sought to regain possession through the conditional limitation contained in the lease. The debtor, continuing in possession of the store, tendered to the

---

**1.** Tr.: Transcript of Hearing before the Bankruptcy Judge, February 9, 1977.

**2.** At the time of the hearing before Judge Babitt, M & M was overdue on one interest payment of $6,000. According to M & M's counsel, a check in full payment was tendered to Nelson prior to the filing of M & M's Chapter XI petition. However, in the confusion of the existing bank accounts of M & M being converted to M & M Debtor-In-Possession accounts, the drawee-bank "bounced" M & M's check. We are informed by M & M's Memorandum of Law (pp. 9, 10) that the $6,000 has been fully paid. Nothing appears to the contrary.

landlord the full amount of rent due. In affirming the bankruptcy court's determination that the conditional limitation should not be given effect, the Court of Appeals held that the termination of the debtor's lease would be grossly inequitable and contrary to the beneficial purpose of Chapter XI (at p. 207).

As in *Queens Boulevard,* enforcement of Nelson's right of forfeiture under the lease would very likely destroy any chance of M & M becoming a profitable debtor (Tr. 15). It would deprive M & M of its most valuable asset and it would hurt its creditors. Though Nelson is deprived of a potential profit by our refusal to enforce the forfeiture clause of its contract with M & M, none of its other rights under the lease are impaired. By our affirmance of the Bankruptcy Judge's decision, M & M is only doing what it could have done under its lease with Nelson if no petition for rearrangement intervened.[3]

The instant case is clearly distinguishable from the situation contained in *In re D. H. Overmeyer, Inc., supra,* the case urged by Nelson. In *Overmeyer* the debtor's rent defaults were found to be "staggering"; there was little chance of the debtor's rehabilitation; the debtor had been consistently behind in its payments of rent, mortgage and tax payments. Indeed, the district court had found that "Just prior to filing its Chapter XI petitions, Overmeyer made promises with respect to remedying these defaults which could only have been made with an intention to deceive." 383 F.Supp. at 24. Clearly, the equities in *Overmeyer* were all in favor of allowing the beleaguered landlords to enforce the termination provisions contained in their leases. In deciding *Overmeyer,* the Court of Appeals for this Circuit stated (at p. 332):

> [W]e held in *Queens Boulevard* that a bankruptcy court may exercise its equitable discretion to deny enforcement of a termination clause when continuation of

the lease would not prejudice the landlord and termination of the lease would render an otherwise promising arrangement under Chapter XI impossible [citations omitted].

In the present case, M & M admits that the vehicles leased from Nelson do not form part of M & M's active fleet; pursuant to an agreement between the parties they are stored on a lot owned by Nelson in Connecticut (Tr. 19). M & M views their value as solely and exclusively derived from the advantageous purchase option it has with Nelson. M & M hopes to sell the leased vehicles and fund its arrangement with the profits (Tr. 15, 17). Termination of M & M's lease with Nelson would probably preclude M & M's successful emergence from Chapter XI. As such, these leased vehicles are integral to the rehabilitation of M & M.

Equity does not favor forfeitures. The purpose of Chapter XI would be frustrated and eventually denied if Nelson is allowed to terminate the lease and repossess the leased vehicles. It has been held that courts are empowered to refuse enforcement of similar lease provisions on the ground that termination would work a substantial injustice to the lessee and its creditors; it would serve only to defeat the laudable reorganization purpose of an arrangement. See *Weaver v. Hutson,* 459 F.2d 741 (4th Cir.), *cert. denied,* 409 U.S. 957, 93 S.Ct. 288, 34 L.Ed.2d 227 (1972); *In re Fleetwood Motel Corp.,* 335 F.2d 857 (3d Cir. 1964).

The orders and judgment of the Bankruptcy Court are affirmed.

SO ORDERED.

---

**3.** On appeal Nelson belatedly asserts in its papers that the lease was made with the hopes of sharing in M & M's projected pre-tax earnings for the years 1977, 1978 and 1979. These contentions were never submitted to the Bankruptcy Court below and do not, therefore, form part of the record on appeal now. *In re W. T. Grant,* 425 F.Supp. 565 (S.D.N.Y. Memorandum and Order filed May 10, 1977); *U. S. v. Brookhaven,* 134 F.2d 442, 447 (5th Cir. 1943).