In the Matter of FURNITURE WARE-HOUSE SALES, INC. d/b/a Furniture Factory Outlet, Contract Furniture Sales and FWS Advertising Agency, Debtor.

**RHEEM MANUFACTURING COMPANY, Plaintiff,**

v.

**FURNITURE WAREHOUSE SALES, INC., Defendant.**

**Bankruptcy No. B79–1532A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Jan. 22, 1980.

Ford, Harrison, Sullivan, Lowry & Sykes, Atlanta, Ga., for plaintiff.

Nall & Miller, Atlanta, Ga., for defendant.

OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

FINDINGS OF FACT

In 1972, Rheem Manufacturing Company (Rheem) as lessor entered into a lease agreement with Furniture Warehouse

Sales, Inc. (FWS or lessee) whereby FWS leased a warehouse located at 4650 Northeast Expressway (Interstate 85), Doraville, Georgia, on the outskirts of Atlanta, Georgia. The warehouse is in close proximity to several major furniture retailers and features a large display of retail home furnishings and accessories.

Since it entered into the lease of the warehouse, FWS has had various business and financial difficulties, although it did manage to remain current on its rent, notwithstanding the fact that rental payments were·generally paid late. Prior to the current .Chapter XI case, FWS had filed a Chapter XI proceeding in this court and a final order was rendered in 1976, confirming the Chapter XI plan. Coming out of the Chapter XI case FWS had a small profit for the fiscal year ending June 30, 1976, an $80,000.00 profit for fiscal year ending June 30, 1977. For fiscal year ending June 30, 1978, FWS showed a loss of $220,000.00 from which it has not recovered.

In April of 1979, defendant failed to pay its rent by April 10, and plaintiff acted to terminate the lease, and so notified defendant. Rheem demanded possession of the premises and was refused. During this time, FWS tendered a check for the April rent to Rheem which Rheem refused. Rheem later initiated a dispossessory action in the State Court of Gwinnett County. Whereupon, on May 17, 1979, this Chapter XI case was filed by debtor. At the time this Chapter XI case was filed, the defendant was still in possession of the premises and the Gwinnett County court had not acted upon the dispossessory action. Rheem seeks possession of ·the warehouse and seeks to have the lease termination clause enforcement by this court. Defendant seeks to remain in possession and to continue to conduct its business.

Plaintiff, Rheem, contends that it is entitled to immediate possession of the premises because (1) the lease agreement was validly terminated pursuant to its terms on the grounds that FWS has defaulted by non-payment of rent; (2) because FWS failed to pay rent into the registry of the State Court of Gwinnett County during the pendency of the dispossessory proceedings; and (3) by filing a petition in this Bankruptcy Court. FWS maintains that the Bankruptcy Court may disregard a lease forfeiture clause if the equities so require, and that its tender of rent to FWS obviated any need to pay rent into the registry of the Gwinnett County Court. Defendant FWS also seeks to maintain as a defense to its non-payment of rent a claim for damages from Rheem's failure to maintain the premises in good repair.

Both parties have filed Motions for Summary Judgment on the question of who is entitled to possession of the warehouse involved in this bankruptcy.

## CONCLUSIONS OF LAW

Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings in Bankruptcy by Rule 756 states that:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The question is whether the existence and enforceability of the lease termination clause is under applicable law sufficient to require the Bankruptcy Court to enforce it in a case under the Bankruptcy Act.

A lease provision stating that the lease shall terminate upon the filing or adjudication of bankruptcy by the lessee is made enforceable in the Bankruptcy Court by § 706 of the Bankruptcy Act. *Finn v. Meighan*, 325 U.S. 300, 65 S.Ct. 1147, 89 L.Ed. 1399 (1945). Nowhere in this code section, however, does it specify that enforcement of such a provision is made mandatory upon the court. *In re D. H. Overmyer Co., Inc.*, 510 F.2d 329 (2d Cir., 1975).

> "In particular, bankruptcy courts can decide not to enforce such lease provisions against a bankrupt tenant where

the landlord has waived the right to terminate the lease or where termination would work a substantial injustice to the lessee and would serve only to frustrate the reorganization purpose of the Bankruptcy Act." *In re LaCrosse Flite Center, Inc.,* 10 C.B.C. 856 (W.D.Wis.1976).

The equities involved in a Chapter XI case clearly dictate that where a reasonable chance of a successful reorganization exists and the leased property is essential to the reorganization, the courts should deny enforceability of a lease termination clause which is triggered by filing bankruptcy or non-payment of rent. *Queens Boulevard Wine & Liquor Corp. v. Blum,* 503 F.2d 202 (2d Cir., 1974); *In re D. H. Overmyer, Co., Inc.,* 510 F.2d 329 (2d Cir., 1975); *In re Fleetwood Motel Corp.,* 335 F.2d 857 (3d Cir., 1964); *Weaver v. Huston,* 459 F.2d 741 (4th Cir., 1972); *In re Fontainebleau Hotel Corp.,* 515 F.2d 913 (5th Cir., 1975).

▉ In *In re Fontainebleau Motel Corp.,* the lease, as here, was declared terminated by the landlord for non-payment of rent. Before the landlord could proceed in a Louisiana court to acquire possession of the hotel, the debtor filed its Chapter X case. Finding that a successful reorganization would be impossible without retention of the hotel, the court denied enforceability of the lease termination clause. Of particular importance to the court was the fact that a state court had not yet granted dispossession of the tenant. The trustee "[then] succeeded to the possession of the debtor upon his appointment by the District Court." Here, Rheem initiated proceedings in the State Court of Gwinnett County, but that court had not yet granted possession to Rheem. Upon filing of this Chapter XI case, the debtor in possession retained its possession of the property since the State Court had not yet removed it from possession. The lease and its provisions are, therefore, brought within the equitable jurisdiction of this Bankruptcy Court. *In re Fontainebleau Hotel Corp.* at 914; *Queens Boulevard Wine & Liquor Corp.* at 203. This same situation was presented in *Queens Boulevard Wine & Liquor Corp. v.*

*Blum,* where the court found that retention of the premises was essential to a successful reorganization.

"Possession by Queens will not prejudice Carol, which is protected by a sizeable security deposit, except to deny it a windfall in the form of increased rent to which we hold it is not equitably entitled. Enforcement of the forfeiture, on the other hand, would destroy a now profitable debtor by depriving it of its most valuable asset—its location." at 206–207.

▉ It is clear that the landlord, Rheem, will not be prejudiced by denial of the termination clause. The record shows that FWS was current with its rental obligations up to the time of filing this Chapter XI case when it was one payment behind. Although these rental payments were usually late, the parties have been proceeding in this fashion for seven years and an accommodation appears to have been made by Rheem in this contractual requirement. As in *Queens Boulevard,* the location of its business is one of FWS's prime assets, located as it is along one of Atlanta's busiest interstate highways and near several other major furniture retailers. It is argued with considerable logic that the loss of this location would probably prevent a successful reorganization.

The cases cited by plaintiff do not contradict the reasoning found above. *In re O. H. Overmyer,* affirmed the holding of *Queens Boulevard* but granted the lease termination because the landlord was prejudiced by the continuation of the lease because of non-payment of rent. It was also the conclusion of the Bankruptcy Judge that there was "little chance for Overmyer's rehabilitation based on its proposed arrangement, which he found totally unrealistic." at 332. In the present case the rent was practically current, and certainly within prior late payment practices, and this Bankruptcy Court has by Order entered November 14, 1979, directed payments in lieu of rent equal to the contract rent to be made to Rheem. The plaintiff will not be prejudiced as in *Overmyer.* In addition, there is nothing before the court at this time to show that

no reasonable chance of a successful rehabilitation exists. Of course, upon a showing, that the debtor is unable to make the payments as ordered by the court, or that debtor cannot be successfully rehabilitated, this court would enforce the lease termination clause so as not to prejudice Rheem. As for *Schokboten Industries, Inc.,* 466 F.2d 171 (5th Cir. 1972), that case is clearly inappropriate as it deals only with an intangible property right which was clearly terminated prior to the filing of bankruptcy, rather than with real estate of which the debtor is still in *possession* as in *In re Fontainebleau.*

"We do not doubt that in some circumstances *intangible property rights* are subject to 'possession' by the debtor and therefore fall within the equitable jurisdiction of the referee . . . However, here it is plain that after January 16, 1971, Debtor had no rights in the franchise—intangible, contractual or otherwise—and hence could have 'possession' nothing when it applied to the referee four months later for protection of its 'rights' under the licensing agreement." *Schokbeton* at 177. [Emphasis supplied]

The plaintiff's motion for summary judgment will be denied.

The defendant has also filed a motion for summary judgment arguing that the dispossessory action in the state court was without any merit and that the lease termination clause is unenforceable. As noted above, the state court proceedings had not yet advanced to the point that the debtor was dispossessed and need not be addressed here. The court has already discussed the enforceability of lease termination clauses. The enforceability of the clause in the present case is being denied because the court finds that it has not been shown that the debtor is unable to rehabilitate itself. Until such a showing is made, the court will allow debtor a reasonable breathing spell and recuperative period to formulate a plan for possible confirmation. For this reason, summary judgment cannot be rendered in favor of the defendant.