In re A. L. S., INC. t/a Ralph's Transmissions, Debtor.

CITY STORES CO., Plaintiff,

v.

A. L. S., INC. t/a Ralph's Transmissions, Defendant.

Bankruptcy No. 79–02200G.

United States Bankruptcy Court, E. D. Pennsylvania.

Feb. 28, 1980.

James G. Sheehan, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for plaintiff.

Norman M. Rosengarten, Philadelphia, Pa., for defendant.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us is whether we should grant relief from the automatic stay provisions of Section 362 of the Bankruptcy Code to allow a sublessor to regain possession of premises from the sublessee who is a debtor under Chapter 11 of the Code. We conclude that we should not grant relief from the stay because the premises, being the only situs of business of the debtor, are necessary for the effective reorganization of the debtor and because the sublessor's interest can be adequately protected by appropriate order of this court.[1]

On December 5, 1977, A.L.S., Inc., trading as Ralph's Transmission ("the debtor") entered into a sublease of certain premises in the Castor and Cottman Shopping Center ("the premises") with City Stores Company ("City Stores") who is the lessee of those premises from the owner, Castor and Cottman Corporation. The sublease provided for a term of six years commencing on January 1, 1978, and for a monthly rental of $2,083.84, plus the payment of certain other charges by the debtor. A rider to the sublease provided that a security deposit of

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

$12,500 was to be paid by the debtor and held by an agent of City Stores.

The debtor complied with the provisions of the sublease, including the payment of rent, through July of 1979. Since that time the debtor has apparently failed to pay the monthly rent as well as the other charges which it is obliged to pay under the sublease. On October 25, 1979, City Stores, through its agent, declared the lease terminated as of November 30, 1979, because of the debtor's failure to pay the rent and the other charges for August, September, and October of 1979.

On November 30, 1979, the debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code which automatically stayed all proceedings against the debtor's property.[2] Subsequently, on January 18, 1980, City Stores filed a complaint for relief from the automatic stay to permit it to proceed with any action necessary to obtain possession of the premises. A hearing was held on this matter on January 29, 1980.

■ This case involves relief from the automatic stay and is governed by Section 362(d) of the Code which provides that:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.[3]

Because we find that the leased premises are necessary to an effective reorganization of the debtor and because we will provide for the adequate protection of City Stores' interest in the premises, we will deny the request for relief.

In the instant case, the debtor has only one place of business (those premises which City Stores seeks to repossess), and the debtor's plan apparently contemplates the continuation of the debtor's business at that site.[4] Consequently, we find that the success of the plan depends upon the debtor's possession of the premises and that the premises are necessary to an effective reorganization of the debtor.[5] Therefore, since subsection (2)(B) of § 362(d) is not present in this case, City Stores' complaint seeking relief from the stay cannot be predicated on that subsection.

■ To obtain relief from the stay under subsection 362(d)(1) some cause must be shown why relief from the stay should be granted. Such cause may be established by proof that the party seeking relief from the

---

2. 11 U.S.C.A. § 362(a) (1979).

3. *Id.* at § 362(d).

4. *See* N.T. at 27–39. Note that under the new Bankruptcy Code a plan of reorganization under Chapter 11 may in effect be a liquidation of the debtor's assets. *See* 11 U.S.C.A. § 1123(b)(4) (1979). However, that does not appear to be what the plan in this case contemplates. *See* N.T. at 27–39.

5. This case is analogous to the situation under the Bankruptcy Act where the courts, under certain circumstances, would refuse to enforce a clause in a lease which provided that the lease terminated upon the filing of a petition in bankruptcy by the tenant. *See, e. g., Smith v. Hoboken R. Co.*, 328 U.S. 123, 66 S.Ct. 947, 90 L.Ed. 1123 (1946); *In re Queens Boulevard Wine & Liquor Corp.*, 503 F.2d 202 (2d Cir. 1974); *Weaver v. Hutson*, 459 F.2d 741 (4th Cir.), *cert. denied*, 409 U.S. 957, 93 S.Ct. 288, 34 L.Ed.2d 227 (1972); *In re Fleetwood Motel Corp.*, 335 F.2d 857 (3d Cir. 1964); *In re Penn Central Transp. Co.*, 347 F.Supp. 1351 (E.D.Pa. 1972); *In re Lane Foods, Inc.*, 213 F.Supp. 133 (S.D.N.Y.1963). Although section 70b of the Act stated explicitly that such a clause was enforceable, the courts held that the general equity power of the bankruptcy court allowed it to refuse enforcement of such a clause if public policy so required, such as where the property in question was essential to an effective reorganization of the debtor. *Id. See* 11 U.S.C. § 110(b) (1968). The new Bankruptcy Code has adopted the case law on this point and section 365(e) now provides that such a clause is not enforceable. *See* 11 U.S.C.A. § 365(e) (1979).

stay does not have adequate protection of its interest in the property. This is the position of City Stores and is based on evidence that the debtor has failed to pay any rent or other charges since July of 1979 and that the security deposit, which has been applied to the unpaid rent and charges, is almost, if not completely, depleted.[6] Consequently, City Stores argues, it is without any protection for its interest in the property.[7]

We believe, however, that the instant case is an appropriate case for the provision of adequate protection by the court pursuant to § 361 of the Code. That section provides, in part:

> When adequate protection is required under section 362 . . . of this title of an interest of an entity in property, such adequate protection may be provided by—
>
> (1) requiring the trustee to make periodic cash payments to such entity, to the extent that the stay under section 362 of this title . . . results in a decrease in the value of such entity's interest in such property.[8]

Pursuant to that section, we will order the debtor to pay all rent and charges as they may hereafter become due according to the lease.[9] We will further order the debtor to deposit with City Stores the sum of $6,250 (representing approximately three months' rent) to provide City Stores with some security in the event that the debtor defaults in the payment of the above rent and charges.[10] In addition, our denial of City Stores' request for relief from the stay will be without prejudice to its right to renew its request should the debtor default at any time in paying the above rent and charges. We conclude that these orders will provide City Stores with adequate protection of its interest in the premises.

## ORDER

AND NOW, to wit, this 28th day of February, 1980, after trial, it is

ORDERED that the debtor shall deposit with City Stores Co., on or before March 15, 1980, the sum of $6,250 to be held as a security deposit for the payments required below; and it is

FURTHER ORDERED that, on or before March 10, 1980, City Stores shall prepare and submit to the debtor an itemized statement of all rent and other charges due to it under the lease dated December 5, 1977; and that, on or before March 15, 1980, the debtor shall pay to City Stores the amount due pursuant to said statement; and that, thereafter, beginning April 1, 1980, and on the first day of each month thereafter, the debtor shall pay to City Stores the rent and other charges provided in said lease; and it is

FURTHER ORDERED that the complaint of City Stores Company seeking a modification of the automatic stay imposed by section 362(a) of the Bankruptcy Code, be and the same hereby is, DISMISSED, without prejudice to the right of City Stores Company to renew its complaint should the debtor fail to make the payments required by this order.

---

6. The evidence on this point was that the $12,500 security deposit had been in an interest-bearing account but that it was not known how much interest had been earned. At any rate, as of the date of hearing at least six months rent was due (equal to approximately $12,500) plus other specified amounts for the other charges. Consequently, it was testified that the security deposit was almost certainly depleted. *See* N.T. at 17–18.

7. It appears that City Stores is liable for rent to the owner of the premises. *See* Complaint, ¶ 12, filed January 18, 1980.

8. 11 U.S.C.A. § 361(1) (1979).

9. According to the evidence presented by City Stores, and not contradicted by any evidence presented by the debtor, the rent provided for by the lease is the fair market rental for property of that kind at the time the lease was executed. *See* N.T. at 13–14.

10. We conclude that a security deposit of three months' rent (rather than the six months' rent provided in the lease) is necessary and adequate to protect City Stores' interest. This is in light of the fact that it might take that long from the time of a default by the debtor to the time that City Stores could regain possession.