**In the Matter of Joseph CORDARO d/b/a Paesano's Restaurant, Debtor.**

**HOLTSINGER, INC., Plaintiff,**

**v.**

**Joseph CORDARO d/b/a Paesano's Restaurant, Defendant.**

**Bankruptcy No. 81–1653.
Adv. No. 82–0042.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

May 24, 1982.

---

William K. Zewadski, Tampa, Fla., for plaintiff.

Harley Riedel, Tampa, Fla., for defendant.

## ORDER ON APPLICATION FOR WRIT OF ASSISTANCE

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon the Application for Writ of Assistance filed by Holtsinger, Inc., the Plaintiff in the above-styled adversary proceeding. The Debtor, Joseph Cordaro d/b/a Paesano's Restaurant, presently occupies the commercial premises located at 10825, 10829 and 10837 North 56th Street, Temple Terrace, Florida under a written lease agreement (the Lease) with the Plaintiff. The parties entered into the Lease on March 10, 1982, as part of a Stipulation for Settlement of this adversary proceeding, amending the original lease. The Stipulation was approved by the Court. The Plaintiff now seeks a Writ of Assistance from this Court and seeks to evict the Debtor and obtain possession of the lease premises, alleging violations of the amended lease provisions which constitute default.

The Lease, as amended, provides in ¶ 14 that:

> Tenant [the Debtor] shall promptly comply with all obligations imposed upon Tenant by all applicable building, fire, housing and *health codes*, laws, statutes, ordinances, regulations, or other requirements of governmental authorities; and Tenant shall cause all violations for which

Tenant or the Premises are cited under any such code, law, statute, ordinance regulation, or requirement to be fully and completely corrected and cured within two (2) days after the issuance of such citation. (emphasis supplied)

The Amended Lease further provides in ¶ 23 that:

"Tenant [the Debtor] shall be deemed in default of its obligations under the lease upon the occurrence of .. continued default in performance of any other covenant, promise or obligation of this Lease for a period of five (5) days."

Paragraphs 24 and 25 of the Lease enumerate the Plaintiff-Landlord's remedies upon default by the Tenant, including provisions for termination and forfeiture of the Lease.

The Plaintiff contends that the Debtor is in default under ¶ 14 and ¶ 23 of the Lease because of violations of the Health Codes of Hillsborough County and the State of Florida, and was cited repeatedly for the violations. In support of this contention, the Plaintiff filed affidavits and introduced testimony of the Hillsborough County Health Department Inspectors, copies of Food Service Inspection Reports and citations on Paesano's Restaurant dated March 25, 1982, April 1, 1982, April 7, 1982 and April 16, 1982 (Plf's Exh. 2). The Plaintiff also introduced into evidence photographs taken by the Health County Inspectors which purport to show the violations of the Health Codes. According to the Health Department Inspector, the operating license for Paesano's Restaurant has not been renewed due to the continuing violations of the Health Code.

After the Health Department citation of April 1, 1982, the Plaintiff gave the Debtor's attorney a five-day written notice under ¶ 25 of the Lease. At the end of the five-day period, the Plaintiff sent a second notice to the Debtor's attorney giving the Debtor 24 hours to cure the violation. On April 12, 1982, the Plaintiff filed the Application for Writ of Assistance which is under consideration, alleging that these violations are of such major proportions as to warrant enforcement of the forfeiture provisions of the Lease.

The Debtor, of course, desires to keep the Lease and while conceding the existence of the violations, contends that the violations are not major enough to warrant enforcement of the forfeiture clauses. The Debtor further contends that there is no evidence that the violations are continuing, and that the Debtor in fact has corrected some of the violations and is making a good faith effort to cure the remaining defects.

Contractual forfeiture provisions are looked upon with disfavor by both courts of law and of equity. This well settled principle applies equally to stipulations for forfeiture, particularly where the breach giving rise to the forfeiture is of minor importance. *Hyman v. Cohen*, 73 So.2d 393 (Fla. 1954); *Rader v. Prather*, 100 Fla. 591, 130 So. 15 (1930).

The bankruptcy court especially disfavors forfeiture clauses in leases, and they are liberally construed in favor of the debtor/lessee so as not to deprive the estate of a valuable asset. *Finn v. Meighan*, 325 U.S. 300, 65 S.Ct. 1147, 89 L.Ed. 1624 (1944). The purpose of a Chapter 11 reorganization is to revive and preserve a viable business enterprise if possible, especially where it is in the best interest of the creditors. Therefore, when faced with a question of lease termination, the Court must consider the interests of the debtor and its creditors as well as those of the landlord. *Queen's Boulevard Wine & Liquor Corp. v. Blum*, 503 F.2d 202 (2d Cir. 1974). Therefore, where continuation of the lease would not overly prejudice the landlord and where enforcement of a forfeiture provision would frustrate or impair a Chapter 11 plan, relief has been granted by the bankruptcy courts. *Queen's, supra; Weaver v. Hutson*, 459 F.2d 741 (4th Cir.), *cert. denied*, 409 U.S. 957, 93 S.Ct. 288, 34 L.Ed.2d 227 (1972); *Shapiro v. D. H. Overmeger Co., Inc.*, 12 B.R. 777 (S.D.N.Y.1981).

There is no doubt that the Health Code violations are continuing violations; however, even by Health Department standards, the violations were minor up until

the April 16, 1982 report. On the April 16 report, only two of the violations were deemed to be of a serious nature. The Debtor testified that although he does have a second restaurant currently operating, it is not a substantial source of income and there is no evidence to the contrary. The Plaintiff asserts that the Debtor could move and re-open Paesano's Restaurant in another location, taking his trade fixtures with him; however, this theory fails to take into consideration the great expense involved in re-locating a commercial operation and the loss of income during the period that the restaurant would be closed while moving. These factors could hardly be considered to be in the best interest of the debtor or his creditors. Furthermore, there is no evidence that any prejudice to the Plaintiff would outweigh those considerations. However, in view of the continuing Health Code violations, and the fact that they appear to be escalating in seriousness, the Court shall allow the Debtor thirty days in which to cure the Health Code violations and receive a report which, by the standards of the Hillsborough County Health Department, warrants renewal and issuance of the operating license. If at the end of the 30-day period, a satisfactory report is not received, the Lease shall be forfeited and the Writ of Assistance issued upon a renewed Application of the Plaintiff.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Application for Writ of Assistance filed by the Plaintiff be, and the same hereby is, denied without prejudice to the Plaintiff to renew the Application for good cause. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor be, and the same hereby is, allowed thirty days in which to cure the existing Health Code violations and receive a satisfactory Food Service Inspection Report from the Hillsborough County Health Department, which would warrant the renewal of the operating license for Paesano's Restaurant. It is further

ORDERED, ADJUDGED AND DE-CREED that if such violations are not cured and a satisfactory report is not received, the Lease Agreement between the Debtor and the Plaintiff shall be forfeited and the Writ of Assistance issued upon Application of the Plaintiff.