In the Matter of ALLIED SUPERMAR-
KETS, INC., a Delaware
corporation, Debtor.

ENVIRONMENTAL PROPERTIES
CORPORATION, Plaintiff,

v.

ALLIED SUPERMARKETS, INC., a
Delaware corporation, Debtor and
Debtor in Possession, Defendant.

Bankruptcy No. 78–92871–W.

United States Bankruptcy Court,
E. D. Michigan, S. D.

June 11, 1982.

Jerome D. Frank, Detroit, Mich., for Environmental Properties.

Sheldon S. Toll, Detroit, Mich., for Allied Supermarkets, Inc.

## MEMORANDUM OPINION AND ORDER

GEORGE E. WOODS, Bankruptcy Judge.

This matter comes before the Court upon a motion for summary judgment brought by the defendant-debtor, Allied Supermarkets, Inc., which seeks to dismiss a complaint for possession of real property filed by the plaintiff, Environmental Properties Corporation (EPC). EPC has responded to this motion with its own motion for summary judgment.

The facts are not in dispute. Allied entered, as lessee, into a lease agreement with Reading Investment Corporation. The lease concerned property in a shopping center located in Oklahoma City to be used by Allied in a supermarket capacity. The lease, dated March 14, 1974, was for a term of twenty years at a minimum annual rent of $71,296.00. In December of 1975, Reading assigned its interest in the property subject to the lease to EPC.

On November 11, 1978, Allied filed for relief under the provisions of the Bankruptcy Act. Allied's Plan of Arrangement was confirmed by this Court September 30, 1981. This action was filed June 26, 1979. EPC alleged that Allied breached its lease agreement by filing its petition for relief. Paragraph 25 of the lease reads:

"Should Tenant make an assignment for the benefit of creditors, or in the event of the appointment of a Receiver for Tenant, which is not vacated within thirty (30) days, Landlord may declare this Lease forfeited, and upon five (5) days notice to Tenant, may immediately, or at any time thereafter, re-enter said premises, without further notice.

"In the event of the filing of any Petition in Bankruptcy by, or final adjudication of, such shall be deemed to constitute a breach of this Lease by Tenant, this Lease shall become and be terminated; and notwithstanding any other provisions herein, Landlord shall forthwith upon such termination be entitled to recover damages for such breach in an amount equal to the then present worth of the rent reserved in this Lease for the residue of the term thereof, less the then present worth of the then fair rental value of the premises for the residue of said term."

This action was filed prior to the enactment of the Bankruptcy Code and therefore its result will be governed by the Bankruptcy Act.

Section 70(b) of the Act provides in part:

"An express covenant that . . . the bankruptcy of a specified party thereto or of either party shall terminate the lease or give the other party an election to terminate the lease is enforceable."

It is clear, therefore, that a termination clause contained in a lease is a valid and enforceable covenant under the Act. It is equally clear that § 70(b) is applicable in Chapter XI proceedings. See *Queens Blvd. Wine & Liquor Corp. v. Blum*, 503 F.2d 202 (2d Cir. 1974); *In Re D. H. Overmyer Co., Inc.*, 510 F.2d 329 (2d Cir. 1975); *Matter of Triangle Laboratories, Inc.*, 663 F.2d 463 (3d Cir. 1981).

Allied contends that the bankruptcy clause involved herein is inapplicable to these proceedings since there is no provision in paragraph 25 of the lease for the filing of a Chapter XI petition. Allied argues that the term "petition in bankruptcy by, or final adjudication of" does not apply to Chapter XI proceedings because in Chapter XI cases the Bankruptcy Court is not required to enter an order adjudicating that the petition be approved. As will be seen, this contention is without merit.

In *In Re Dan Cohen Company*, 221 F.Supp. 447 (1963), the Court was presented with the same problem. In that case the debtor filed for Chapter XI relief even

though the lease therein provided that if a proceeding in bankruptcy were filed, the landlord would have the right to terminate the lease. The debtor in possession argued that a Chapter XI action was not a proceeding in bankruptcy within the contemplation of the provision of the lease. The Court, however, found that the filing of the petition under Chapter XI of the Act did constitute an institution of a proceeding in bankruptcy as contemplated by the lease.

It is noted that many of the contentions set forth by Allied herein are identical to those considered by the *Cohen* Court. In response to these contentions, the Court stated:

"The debtor-in-possession persuasively presents the arguments, supported by unimpeachable authority, to the effect that forfeiture provisions must be strictly interpreted against the party for whose benefits they have been created. That respected rule of law, however, is without application until and unless an ambiguity is found to exist in the provision under scrutiny, and we do not find that to be the present circumstance. The debtor-in-possession argues, in effect, that had the lessor intended a Chapter XI provision to have been contemplated as a basis for re-entry she could have specifically done so. Conversely, it is pointed out that had the parties to the lease intended that re-entry could be based only on proceedings under Chapters I through VI they could easily have so provided and not having done so it is determined that they clearly intended any proceeding under the Act to be a 'proceeding in bankruptcy.' "

*Cohen, supra,* at 448.

Relative to the standard of interpretation to be given to such cases, Allied cites *Finn v. Meighan,* 325 U.S. 300, 65 S.Ct. 1147, 89 L.Ed. 1624 (1945). *Finn* acknowledged that forfeiture clauses are not looked upon with favor by bankruptcy courts and that such clauses are liberally construed in favor of the debtor-lessee so that the estate is not deprived of a valuable asset. *Id.* at 301, 65 S.Ct. at 1148. This proposition was limited,

however, to language appearing in the termination clause which was ambiguous and unclear.

In connection with this, the Court in *Triangle Laboratories, supra,* citing *Finn,* stated:

" . . . [W]hether in straight bankruptcy, Chapter X reorganizations, or Chapter XI arrangements, where the termination provisions of a lease are unambiguous and clearly expressed, they will be given effect, unless doing so would contravene the purposes of the Bankruptcy Act."

■ In the instant case, paragraph 25 of the lease provides a right of termination for the filing of "*any* petition in bankruptcy." As noted above, the filing of a Chapter XI arrangement is the equivalent of a proceeding in bankruptcy. If this is true, it can certainly be stated that the filing of a Chapter XI petition is the equivalent of the filing of a petition in bankruptcy. There can be no other interpretation. A reading of Paragraph 25 which construes that paragraph as including a Chapter XI petition is a reasonable and realistic interpretation of the provision. The Court finds this provision to be clear and unambiguous and, therefore, it will not be given the restrictive effect urged by Allied.

■ It is obvious that this Court has the equitable discretion to decline enforcement of the lease provision. *Queens Blvd., supra; Overmyer, supra.* As noted by Allied and cases cited herein, lease forfeitures are not favored. Courts have denied enforcement of termination provisions where enforcement of such provision would work a substantial injustice and would only serve to frustrate the basic reorganization of the debtor. See *Weaver v. Hutson,* 159 F.2d 741 (4th Cir. 1972); *In Re Fleetwood Motel,* 335 F.2d 857 (3d Cir. 1964); *Queens Blvd., supra.*

In *Triangle, supra,* the Court reviewed a number of cases, many of which are cited in Allied's brief, which denied the enforcement of the termination provision. As stated in that case:

"In each of these cases, the circumstances were such that if effect were given to a section 70(b) termination, the debtor's estate would be deprived of the essential res to effect reorganization, and thus the purposes of the Act would be frustrated and the reorganization of the debtor thwarted."

 In the instant case, Allied is a debtor which maintains a number of stores throughout the country. It has successfully emerged from the bankruptcy proceedings and is now operating at a profit. Many of the cases cited by Allied in support of its argument involved property which was either the single or most valuable asset of the debtor or property upon which the debtor had made improvements to the land. In those cases, enforcement of a forfeiture provision would have resulted in substantial injustice or the prevention of reorganization. Such is not the case at bar. Allied has not one but many assets located throughout the country. A forfeiture according to the lease provisions will not deprive Allied of its most valuable asset nor would it effectively thwart the reorganization of the company since the plan has already been confirmed by this Court. Allied will continue to exist even after the lease involved herein has been terminated.

This Court finds, therefore, that the filing of the Chapter XI petition violated Paragraph 25 of the lease which prohibits the filing of any petition in bankruptcy. Further, this Court is not convinced that the termination of this lease would be inequitable by way of depriving the debtor of its most valuable asset or by thwarting its reorganization.

The motion for summary judgment of Environmental Properties Corporation is hereby granted.

So ordered.