**In the Matter of LANE FOODS, INC., Debtor.**

United States District Court
S. D. New York.
Jan. 10, 1963.

**134**

Debevoise, Plimpton, Lyons & Gates, New York City, for First Nat. City Trust Co., trustee; Robert B. von Mehren, William Philo Clark, New York City, of counsel.

Michael Berman, New York City, for debtor.

WEINFELD, District Judge.

The First National City Trust Company (hereafter called petitioner) seeks review of an order of the Referee in Bankruptcy which stayed the execution of a warrant of eviction against Lane Foods, Inc. (hereafter called Lane), debtor in possession, on the ground that the Bankruptcy Court was without jurisdiction to enter the order. Lane has cross-petitioned for review, contending that the Referee abused his discretion in refusing to continue the stay until completion of the Chapter XI proceeding.

Petitioner, as landlord, in December, 1961, leased to the debtor, as tenant, premises in New York City, where the debtor conducted a cafeteria. In September, 1962 the landlord commenced a summary dispossess proceeding in the Civil Court of New York City for nonpayment of rent. A final order in favor of the landlord was entered and a warrant of eviction was issued on October 9, 1962, but its execution was stayed upon the debtor's application until October 15, 1962. The petitioner failed to execute the warrant of eviction on that day. The next morning, October 16th, Lane filed in this Court a Chapter XI proceeding.[1] A temporary stay enjoining the petitioner from executing the warrant of eviction was issued by the Referee in Bankruptcy and duly served upon the City Marshal before he could execute the warrant of eviction. Thus, Lane continued in possession of the premises. The debtor applied for a continuing stay of eviction until the consummation of the arrangement proceeding and, pending a hearing thereon, various temporary restraining orders were granted by the Referee conditioned upon the payment by the debtor for use

1. 11 U.S.C. § 701 et seq.

and occupation of the premises based upon the rental stipulated in the lease and payable weekly in advance.

The petitioner moved before the Referee for an order (a) dissolving the Referee's temporary restraining orders, and (b) dismissing Lane's motion for an injunction against eviction. The substance of the petitioner's position was that the Bankruptcy Court was without jurisdiction to enter the orders. After a hearing on the merits, the Referee filed an opinion in which he denied petitioner's motion. He overruled the jurisdictional plea, made findings of fact and continued the stay until January 5, 1963. It is this order which both sides seek to review.

The Referee found that in a fifteen-day period following the filing of the petition, the operation of the debtor's business had yielded a substantial profit; that execution of the warrant of eviction would work an immediate and irreparable injury and loss upon the debtor in possession in that the value of its physical properties would be substantially impaired and the good will of its business destroyed. He also found that the petitioner had no prospective tenant, nor did it contemplate seeking a new tenant until the premises were vacated or vacancy was assured. He concluded that the equities preponderated in favor of the debtor, particularly in the light of the continued payment to petitioner for use and occupation during the temporary period of the stay.

The petitioner's contention that the Bankruptcy Court was without jurisdiction to stay the eviction of the debtor essentially rests upon the ground that the

issuance of the warrant cancelled the lease between it and Lane, annulled their relationship of landlord and tenant, and that consequently the debtor had no legal right or interest in the premises that was subject to the Court's jurisdiction at the time of the filing of the petition.

 New York authorities hold that it is the issuance of a warrant of eviction, not the execution thereof, which terminates the lease;[2] and perhaps, as petitioner contends, that thereafter the tenant is a trespasser, although this is not so clear under the authorities cited by it.[3] But it seems to this Court that the issue must be viewed against the fact that the warrant of eviction had not been executed and that the debtor in fact was in possession of the premises when the petition for arrangement was filed. The question is whether, under this circumstance, the Bankruptcy Court had jurisdiction to stay the warrant of eviction. I hold that it did and that the order which petitioner seeks to review was within the Court's jurisdiction.

 The Bankruptcy Court, in Chapter XI proceedings, has the power to issue injunctions when necessary to effect the object of the proceedings free from interference. Such jurisdiction is derived from several sources—specifically, section 2(a)(15) of the Bankruptcy Act,[4] and generally, from section 1651 of the Judicial Code [5] and the inherent equity powers of a court of bankruptcy.[6] The purpose and intent of Chapter XI is to rehabilitate the debtor. The nature of the proceeding contemplates the continued operation of the business; cessation of the business would leave nothing to rehabilitate. If, upon the filing of a peti-

2. Bergen Meat Co. v. Chelsea, 23rd St. Corp., 126 N.Y.S.2d 826 (Sup.Ct.1953), and cases cited therein. See New York Civil Practice Act, § 1434.

3. Petitioner cites Rager v. McCloskey, 305 N.Y. 75, 79, 111 N.E.2d 214, 216 (1953); Frankman v. Evans, 34 N.Y.S.2d 95, 98 (City Court, Utica 1942); Restatement, Torts, § 158 (1934), in support of this position.

4. 11 U.S.C. § 11(a) (15).

5. 28 U.S.C. § 1651.

6. See Securities and Exchange Comm. v. United States Realty & Improvement Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940); Continental Illinois Nat. Bank & Trust Co. v. Chicago, R. I. & Pac. Ry., 294 U.S. 648, 675, 676, 55 S. Ct. 595, 79 L.Ed. 1110 (1935); 8 Collier, Bankruptcy, ¶ 3.23 (14th ed. 1942).

**136**

tion, a debtor who is in possession of the premises where the business is being conducted, can forthwith and summarily be ousted by the landlord, the purpose of the arrangement proceeding would be frustrated. Since the debtor here was in possession, the Bankruptcy Court has the power to enjoin the threatened ouster for a reasonable period, if necessary, to effectuate the object of the Chapter XI proceeding. This, of course, does not mean that the debtor is entitled to remain in possession until the proceeding is consummated; it does suggest that it is within the broad equitable powers of the Bankruptcy Court, if the circumstances so require, to stay an eviction and to afford the debtor a reasonable opportunity to re-negotiate with his landlord or to find new premises without interrupting the business, provided, of course, adequate compensation is paid to the landlord for use and occupation.

> It is a common situation for a debtor to be in default in payment of rent under a lease, and for the landlord thereby to have the right to recover possession of the premises and to terminate the lease. The filing of a Chapter XI proceeding does not deprive the landlord of that right, although the court through its injunction powers may delay the enforcement of the landlord's remedy.[7]

The payment to the landlord for use and occupation of his premises, of course, does not defeat his right to obtain possession, although it may be deferred in the exercise of the Court's power. The payment for use and occupation has been referred to by Judge Learned Hand as "an equitable quid pro quo for the possession which it seizes" imposed by the Court, and that the debtor "in possession" is for all practical purposes a trustee or receiver, protecting not only its own interests, but those of creditors as well.[8]

The significant fact here is that when the arrangement petition was filed, the debtor was in possession of the premises. This fact was sufficient to give the Court jurisdiction to enter the order with respect thereto. "Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession. And the test of this jurisdiction is not title in but possesion by the bankrupt at the time of the filing of the petition in bankruptcy."[9]

The assertion that the continued possession of the premises by the debtor constituted a trespass since the issuance of the warrant of eviction terminated the lease does not divest the Court of jurisdiction, particularly since the original possession under the lease admittedly was valid and the debtor continued its possession, which could have been terminated either by voluntary surrender or the execution of the warrant, neither of which occurred prior to the filing of the petition. Indeed, if no action were taken by either, the debtor could be considered a tenant at will.

Texas v. Donoghue,[10] relied upon by petitioner, did not involve a question of jurisdiction. The issue was the discretion of the Court.

The situation here presented may be equated to that referred to in Continental Illinois Nat. Bank & Trust Co. v. Chicago, R. I. & Pac. Ry.: "But a proceeding under § 77 is not an ordinary proceeding in bankruptcy. It is a special proceeding which seeks only to bring about a reorganization, if a satisfactory plan to that end can be devised. And to prevent the attainment of that object is to defeat the very end the accomplishment of which was the sole aim of the

---

7. 8 Collier, Bankruptcy, ¶ 3.15 n. 15 (14th ed. 1942).

8. In re Walker, 93 F.2d 281, 283 (2d Cir., 1937).

9. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 481, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940).

10. 302 U.S. 284, 58 S.Ct. 192, 82 L.Ed. 264 (1937).

section, and thereby to render its provisions futile." [11]

The petition to overrule the order of the Referee on the ground of lack of jurisdiction is denied. The cross-petition to overrule the denial of a stay beyond January 5, 1963 [12] is likewise denied. This involved an exercise of discretion by the Referee and there is no showing of abuse.

11. 294 U.S. 648, 676, 55 S.Ct. 595, 606, 79 L.Ed. 1110 (1935).

12. This Court, after hearing argument on this motion, granting a further stay until January 15, 1963, also conditioned upon the payment for use and occupation of the premises.