In the Matter of the **PROGRAM AIDS COMPANY, Inc., Debtor.**

No. 68 B 791.

United States District Court, E. D. New York.

Jan. 8, 1969.

Seligson & Morris, New York City, for petitioner, Newport Associates, Inc.

Leinwand, Maron & Hendler, New York City, for debtor-in-possession, Program Aids Co., Inc.

## MEMORANDUM and ORDER

BRUCHHAUSEN, District Judge.

The petitioner, Newport Associates, Inc., the landlord of the debtor in possession, seeks a review of the order of Hon. William J. Rudin, Referee in Bankruptcy, dated November 14, 1968, denying the landlord possession of the premises, now occupied by the said debtor, on or before December 31, 1968.

## FACTS NOT IN DISPUTE

1. The subject premises, comprising approximately 100,000 square feet, have been under lease to the debtor for several years. The debtor has 65 employees;

2. The landlord acquired title to the property approximately a year ago;

3. On July 17, 1968, the debtor filed a petition pursuant to Chapter XI of the Bankruptcy Act;

4. On July 25, 1968, the petitioner notified the debtor of its election to terminate the said lease;

5. On August 14, 1968, the landlord leased the entire premises to Electrospace Corporation, conditioned upon the surrender thereof to it on or before December 31, 1968;

6. Electrospace Corporation has a Twenty Million dollar contract with the Government.

At the hearing before the Referee, held on November 6, 1968, he ruled that the debtor should surrender 40,000 square feet of the space to the landlord on or before December 15, 1968 and an additional 10,000 square feet by December 31, 1968.

The landlord asserted that it must have the entire 100,000 square feet by the first or second month of the year 1969.

The Referee stated that "it may be you (the landlord) will have the balance of the space by December 31, 1968 because I am not going to permit the debtor to continue indefinitely without the debtor making some progress in its arrangement."

The landlord contends that the Referee erred in requiring the debtor to surrender 50,000 square feet of space on or before December 31, 1968 without giving it the right to decline to accept such space and in refusing to fix a date for the surrender of the entire space to the landlord before December 31, 1968. Clearly, the said lease of the subject premises to Electrospace Corporation is beneficial to the landlord, the petitioner. The Referee, after weighing all of the equities ruled that the debtor should presently remain in possession, but not indefinitely.

The Court in In re Lane Foods, Inc., D.C.N.Y., 213 F.Supp. 133, held in part at page 135–136:

" * * * The purpose and intent of Chapter XI is to rehabilitate the debt-

or. The nature of the proceeding contemplates the continued operation of the business; cessation of the business would leave nothing to rehabilitate. If, upon the filing of a petition, a debtor who is in possession of the premises where the business is being conducted, can forthwith and summarily be ousted by the landlord, the purpose of the arrangement proceeding would be frustrated. Since the debtor here was in possession, the Bankruptcy Court has the power to enjoin the threatened ouster for a reasonable period, if necessary, to effectuate the object of the Chapter XI proceeding. This, of course, does not mean that the debtor is entitled to remain in possession until the proceeding is consummated * * *."

In the Lane Foods case, the debtor had been in possession for approximately 2½ months. The landlord had no prospective tenant. On the one hand, the Referee was confronted with the task of keeping the debtor in business for the benefit of the creditors and on the other hand of permitting the consummation of a new and lucrative lease to a third party.

Upon careful consideration, the Court cannot conclude that the Referee acted arbitrarily or abused his discretion. Nor are his findings clearly erroneous so as to warrant reversal. See In re Gibraltor Amusements, Ltd., 2 Cir., 291 F. 2d 22; Gibraltor Amusements, Ltd. v. Itwlitzer Company, 368 U.S. 925, 82 S. Ct. 360, 7 L.Ed.2d 190. However, the Court in weighing the equities of all parties, and in keeping with the spirit of the Act, suggests that the Referee consider limiting the debtor's possession to not later than February 28, 1969 thus giving the debtor possession of the premises approximately eight months from the date of the filing of the petition.

The other arguments have been considered and found untenable.

The petition on review to overrule the order of the Referee is under the circumstances denied.