### In re GSVC RESTAURANT CORP., Debtor.

### GRAND HUDSON CORPORATION, Plaintiff,

v.

### GSVC RESTAURANT CORP., Defendant.

**Bankruptcy No. 80 B 20104.
Adv. No. 80 Adv. 2023.**

United States District Court,
S. D. New York.

April 18, 1980.

Richard A. Glickel, New City, N. Y.. for plaintiff.

Blank & Katzman, Spring Valley, N. Y., for defendant-debtor.

## OPINION

GERARD L. GOETTEL, District Judge.

The debtor in this action, GSVC Restaurant Corp., seeks a stay pending appeal of its eviction from the premises in which it conducted a restaurant business. It is appealing from an interlocutory order of Bankruptcy Judge Howard Schwartzberg dated April 3, 1980, 3 B.R. 491. Some substantial questions exist concerning the propriety of an appeal and whether a stay could properly be granted by this Court. The Court, however, chooses to ignore the procedural problems and address the merits of the application.

The debtor, doing business as the Windjammer, operated a restaurant in Nyack, New York. The plaintiff, Grand Hudson Corporation, owns the land on which the debtor operates its business. Commencing in March of 1978, the plaintiff sought to regain possession of the property because of the failure of debtor to make rent payments. There followed the usual lengthy and protracted series of proceedings in the state courts which are set forth in detail in Judge Schwartzberg's decision and need not be repeated here. Suffice it to say that the debtor exhausted all conceivable legal means for opposing eviction and on March 19, 1980 the Appellate Term of the Supreme Court forbade any further applications for relief. The debtor's eviction was scheduled for March 25, 1980. Two hours prior to the scheduled date for its removal, the debtor filed a petition under Chapter XI of the Bankruptcy Code triggering an automatic stay as provided by Title 11 U.S.C. § 362. The plaintiff then commenced an adversary proceeding for relief from the automatic stay seeking to modify it so as to permit the execution of the warrant of eviction issued more than a year ago on April 12, 1979. After considering the merits of the matter, the bankruptcy judge concluded that the debtor had no legal interest in the property since the issuance of a warrant of removal of a tenant cancels the agreement under

which the person removed held the premises and annuls the relationship of landlord and tenant. N.Y.Real Prop. Actions and Proceedings § 749(3) (McKinneys 1979). The debtor argued that its naked possession of the property constituted an equitable interest deserving protection by the bankruptcy courts. The bankruptcy judge noted that there had been a judicial determination that it was not entitled to possession, but then proceeded to consider its rights if in fact there was an equitable interest. In such circumstances, the automatic stay is subject to termination or modification pursuant to subsection (b)(3) of Title 11 U.S.C. § 362. The Court noted that at trial the debtor presented no evidence concerning adequate protection for the plaintiff's interest in the property as required by subsection (d)(1) of Title 11 U.S.C. § 362, and that, when coupled with the baseless delaying tactics employed by the debtor, the plaintiff was entitled to relief from the automatic stay so that it may exercise its right to enforce the eviction.

Following the Court's decision, the debtor proceeded by order to show cause for a stay pending appeal. This temporarily again prevented the eviction of the debtor. This application, which amounted to a motion for reargument, was heard and denied on April 7, 1980. Shortly thereafter, the sheriff evicted the debtor from possession and the defendant filed its notice of appeal to this court seeking a stay under Rule 62(d) of the Federal Rules of Civil Procedure.

 Upon this appeal the debtor argues that the court below did not consider the possible rights of redemption which a tenant might have under N.Y.Real Prop. Acts § 761 (McKinneys, 1979). It is true that a tenant may have such rights, but at this moment they are no more than a chose in action.* Undoubtedly a trustee or a debtor in possession under the bankruptcy laws may assume and protect whatever rights the debtor had as of the time of the filing. If the termination of a lease has not been completed, or if it can be reversed by application of state procedures (so that the matter is still *sub judice*), the trustee or debtor in possession may still assume such rights and pursue them. *In Re Burke*, 76 F.Supp. 5 (S.D.Cal.1948). However, a more difficult problem arises where the lease has already been terminated according to its terms under the applicable state law and final state process has been issued evicting the tenant. *Robertson v. Langdon*, 72 F.2d 148 (7th Cir. 1934). In this instance, the trustee has nothing to assume. 2 Collier on Bankruptcy, ¶ 365.04 (15th ed., 1979). It would be chaotic if every eviction proceeding could ultimately be frustrated by the last minute filing of a Chapter 11 proceeding in federal court. There would be no finality whatever to state court landlord-tenant proceedings.

Moreover, contrary to the assertions of the debtor, the court below assumed that there might be some lingering equitable interest in the premises, but nevertheless determined under the facts established that the plaintiff was entitled to relief. Considering the continual tactics employed by the debtor in frustrating and delaying the plaintiff's attempts to evict it, in the absence of adequate protection for the plaintiff's interest in the property, this determination was clearly correct. The decision of the bankruptcy court is affirmed. Stay pending appeal is denied.

SO ORDERED.

---

\* A question exists as to whether the tenant waived these rights under the lease.