**In re TENFIELD, INC., t/a Shakey's Pizza Parlor, Debtor.**

**Edgar H. TENENT, Plaintiff,**

**v.**

**TENFIELD, INC., t/a Shakey's Pizza Parlor, Defendant.**

**Susie E. DUNSTAN, Plaintiff,**

**v.**

**TENFIELD, INC., t/a Shakey's Pizza Parlor, Defendant.**

**Bankruptcy No. 81–00058–R.**
**Adv. Nos. 81–0059–R, 81–0067–R.**

United States Bankruptcy Court, E. D. Virginia, Richmond Division.

May 20, 1981.

C. Felix Cross, III, Roy M. Terry, Jr., Wells, Axselle, Hundley & Johnson, Richmond, Va., for Edgar H. Tenent/plaintiff.

Thomas F. Eubank, Spinella, Owings, Jackson & Steverson, Richmond, Va., for Susie E. Dunstan/plaintiff.

Stephen M. Kapral, Richmond, Va., for Tenfield, Inc./debtor-defendant.

MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing of Complaints by Edgar H. Tenent and Susie E. Dunstan, Plaintiffs herein, requesting relief from stay in order to recover possession of the demised premises known as 6006 West Broad Street, Richmond, Virginia, currently occupied by Tenfield, Inc., Debtor and Defendant herein. A preliminary hearing was held in the matter of *Edgar H. Tenent v. Tenfield, Inc.*, at which time the

Court declined to grant relief from the automatic stay and consolidated that adversary proceeding with the adversary proceeding instituted by Susie E. Dunstan and scheduled both proceedings for a final hearing. The final hearing now having been held, the Court makes the following determination.

On March 1, 1976, Bruce and Susie E. Dunstan (Dunstan) entered into a lease agreement of 6006 West Broad Street with Edgar H. Tenent (Tenent). On November 11, 1977, Tenent subleased the demised premises to Tenfield, Inc. Under said sublease, Tenent remained subject to all the terms and conditions of the original lease.

Tenfield, Inc. defaulted in the payment of rent to Tenent, and in September of 1980, notice to pay or quit was served on Tenfield, Inc. Tenfield, Inc. failed to cure the default after said notice, and on November 24, 1980, Dunstan obtained judgment against Tenfield, Inc. for rent and possession of 6006 West Broad Street in the General District Court of Henrico County. No further action was taken by Dunstan or Tenent until January 7, when a writ of possession was issued against Tenfield, Inc. On January 19, 1981, Tenfield, Inc. filed a Petition in Bankruptcy under Chapter 11 of 11 U.S.C. Dunstan and Tenent request that this Court grant relief from the automatic stay provided by 11 U.S.C. § 362 to the extent necessary for ejectment of Tenfield, Inc. from the premises.

The Court finds that at the time of the filing of the Chapter 11 petition, the sublease of Tenfield, Inc. from Tenent had been terminated by the action of Dunstan in the state court proceeding in Henrico County, Virginia. At that point, Tenfield, Inc. had no interest in the demised premises. The Court further finds that no executory contract existed which could be assumed by Tenfield, Inc. under the provision of 11 U.S.C. § 365. The Complaints herein were instituted because Tenfield, Inc. has remained in possession after the filing of the bankruptcy petition. Tenfield, Inc. is at most a tenant by sufferance and it has no greater right in the property. To allow it to remain in possession after the granting of an adverse judgment for rent and possession would be tantamount to creating a new agreement involuntarily imposed upon Dunstan and Tenent. By instituting these proceedings, Dunstan and Tenent indicated a desire not to revive any agreement, but instead have asked for relief from the stay and have also asked the Court to grant possession of the premises.

To grant relief and not order possession to be delivered would require further state court action to dispossess Tenfield, Inc. 28 U.S.C. § 1471 grants unto this Court the pervasive jurisdiction to grant the relief required without the need to resort to a different tribunal to recover possession. 28 U.S.C. § 1481 grants this Court the powers of a court of equity, law and admiralty. *See generally Omni International, Ltd. v. Mimi's of Atlanta, Inc.,* 6 B.C.D. 807, 5 B.R. 623 (Bkrtcy., N.D.Ga.1980). There Mimi's of Atlanta, Inc. assumed the lease obligation owed by the lessee to the owner of the premises, Omni International, Ltd. Mimi's of Atlanta, Inc. defaulted in the lease payments and Omni International, Ltd., after requesting a cure of default, unilaterally terminated the lease as provided in the lease agreement. Shortly after the termination, dispossessory proceedings were instituted by Omni International, Ltd., but before any writs were issued, the proceedings were stayed by the filing of a petition for reorganization of Mimi's of Atlanta, Inc. Upon the filing of complaints for relief from stay to recover possession of the premises, the court first found that Mimi's of Atlanta, Inc. had only a scintilla of equitable interest in the premises by virtue of its possession of the leasehold property. The court concluded that adequate cause existed to lift the stay on the ground that Mimi's of Atlanta, Inc., as debtor in possession, held no rights under § 365 of the Code which could be assumed. The court further held that the alternative prayer for relief in the form of possession of the premises may also be granted. This Court finds that analysis persuasive. There is, therefore, no executory interest available for Tenfield, Inc. to assume. This Court may also grant posses-

sion of the premises to Dunstan and Tenent in this action. Further, this Court finds no equitable considerations which would justify the resurrection of the validly terminated lease.

An appropriate order will issue.