## In the Matter of ANNEX CAMERA, Debtor.

### Bankruptcy No. 82 B 11793.

United States Bankruptcy Court,
S.D. New York.

Jan. 26, 1983.

Burns, Jackson, Summit, Rovins, Spitzer & Feldesman, New York City, for Nat. Shoes.

R.L. Zalowitz, c/o McKenna, Elizabeth, N.J.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

National Shoes, Inc., ("National") commenced an adversary proceeding against the debtor, Annex Camera and Electronics, Inc., ("Annex"), seeking relief from the automatic stay of Bankruptcy Code section 362 to permit execution of a warrant of eviction to remove Annex from leased premises at 113–25 West 33rd Street ("Premises"). National also seeks payment from Annex for use and occupancy of the Premises since September 2, 1982, the date Annex filed its Chapter 11 petition. Based on the papers submitted, the presentations made at two hearings, this Court's familiarity with the case, and the applicable law, this Court vacates the automatic stay insofar as it restrains the eviction of the debtor from the Premises; authorizes the New York City Marshall to execute on the warrant of eviction issued by the Civil Court on August 23, 1982 against Annex; and directs National to bring on a hearing to determine the amount of use and occupancy owed to National.

*Background*

Annex and Louis Joy Corporation entered a lease agreement on October 11, 1977. National, successor-in-interest to Louis Joy Corp., commenced summary holdover proceedings in Civil Court of the City of New York to terminate the lease for non-payment of rent. By a decision dated July 9, 1982, Judge David B. Saxe awarded a judgment of possession and directed that "[a] warrant issue immediately with a stay of its execution through September 30, 1982," providing that Annex pay all current use and occupancy for July, August and September on the 10th day of each month. *National Shoes, Inc., D.I.P. v. Annex Camera and Electronics,* 114 Misc.2d 751, 452 N.Y.S.2d 537, 540 (N.Y.City Civ.Ct.1982). Annex was also directed to remain current on all use and occupancy obligations incurred prior to July. 452 N.Y.S.2d at 540. Any pre-July arrearages were to be paid

"within 10 days of the date of service of a copy of this decision." 452 N.Y.S.2d at 540. If Annex breached "any of these requirements," then, without further notice, the stay of execution of the warrant would be vacated immediately. 452 N.Y.S.2d at 540. Judge Saxe found "that from the very beginning of its tenancy, Annex Camera ha[d] failed to comply with its obligations to pay timely rent when due under its lease." 452 N.Y.S.2d at 539.

Annex filed a petition for relief under Chapter 11 of Title 11 of the United States Code on September 2, 1982. National brought on this adversary proceeding November 17, 1982. Annex filed its answer December 2, 1982. The first appearance, originally scheduled for December 2nd, was adjourned, at the debtor's request, to December 15th. National appeared at 10 a.m. Annex did not appear that morning. Counsel for National noted that Annex, in its answer, admitted that Judge Saxe's decision terminated the debtor's lease and awarded National final judgment of possession. *See* Complaint ¶¶ 8, 9; Answer ¶ 8, 9; Transcript of December 15, 1982 at 7–8. National represented that Annex had not paid rent since the fall of 1981, that pre-petition rental arrearages were approximately $14,000.00 and that post-petition use and occupancy charges amounted to roughly $5,000.00. Transcript at 5. National asserted and this Court agreed that Annex did not evidence an intention to pursue the Chapter 11 case and that "perhaps all [Annex] was doing was buying time by filing a Chapter 11 . . . ." Transcript at 10. The Court authorized vacateur of the stay and directed National to settle an order to that effect.

Due to an apparent miscommunication regarding the adjourned hearing time, Annex appeared on the afternoon of December 15th. The Court rescheduled the hearing to December 29th and withheld entry of any order at least until that date. At the December 29th hearing, counsel for Annex protested certain allegedly perjorative characterizations of Annex's business and made a payment of one month's rent. Annex presented no evidence concerning adequate protection of National's interest. Questioned by the Court about its reorganization effort, Annex neither stated that it was assiduously preparing a plan of reorganization nor suggested how the lease was necessary for its effective rehabilitation.

*Discussion*

In this case, Annex's lease had been terminated in the Civil Court proceeding. See N.Y.R.P.A.P.Law § 749(3) (McKinney 1979). Indeed, Annex acknowledges such termination in its answer. A warrant of eviction was issued; a stay of its execution was contingent upon the prompt payment of arrears owed and timely monthly payments for July, August, and September of 1982. Annex complied with none of these requirements and then filed its Chapter 11 petition to stay the execution of the warrant. Therefore, the lease is terminated, it cannot be assumed pursuant to Bankruptcy Code section 365, and Annex has no legal interest in the lease which should be given the protection of the bankruptcy court.

Nonetheless, Annex still occupies the Premises. Although it has not so argued, Annex may retain certain tenant rights under state law. Such interests may give rise to an equitable interest which is property of the estate under Bankruptcy Code section 541 and should be protected under the automatic stay.

■ Filing of a petition in bankruptcy invokes the automatic stay provisions of Bankruptcy Code section 362. Relief from the stay may be granted upon request of a party in interest "for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(1). The debtor bears the burden of showing adequate protection. *See In re Monroe Park,* 17 B.R. 934 (D.C. Del.1982).

■ Our district court addressed similar circumstances in *In re GSVC Restaurant Corp.,* 10 B.R. 300 (S.D.N.Y.1980) (J. Goettel) *aff'g* 3 B.R. 491 (Bkrtcy.S.D.N.Y.1980) (J. Schwartzberg). In *GSVC Restaurant* the lease had been terminated. The debtor

argued that its possession of the property and its possible rights of redemption "constituted an equitable interest deserving of protection by the bankruptcy courts." 10 B.R. at 302. The *GSVC* Court held that the debtor's failure to offer evidence of adequate protection of the plaintiff's interest "coupled with the baseless delaying tactic employed by the debtor," entitled the plaintiff "to relief from the automatic stay so that it may exercise its right to enforce the eviction." 10 B.R. at 302.

Here, Annex has no leasehold. It has not offered the plaintiff adequate protection. The Chapter 11 proceeding has been employed to frustrate and delay National's eviction proceeding. Even if Annex has some lingering equitable interest in the premises, (on which issue this Court does not rule), the plaintiff is entitled to relief from the stay and authorization to execute its warrant of eviction.

National also seeks use and occupancy payments from the Chapter 11 filing date. The record before the Court is inadequate to determine the amount of such payment and whether it should be paid now or merely filed as an administrative expense. Therefore, the Court directs National to schedule a hearing on the use and occupancy payment.

Finally, pursuant to Emergency Bankruptcy Rule I (S.D.N.Y. Dec. 21, 1982) ("Emergency Rule"), by which this Court is empowered to act, this Court determines that this proceeding "in respect to lifting of the automatic stay" is not a "related proceeding" as defined in the Emergency Rule. *See* Emergency Rule ¶ (d)(3)(A). Therefore, this Court may order the relief described above.

It is so ordered.