In re Leon **SHANNON**, Debtor.

**LEBANON HOUSING AUTHORITY, Movant,**

v.

**Leon SHANNON, Respondent.**

**Bankruptcy No. 384–01304.**

United States Bankruptcy Court, M.D. Tennessee.

July 22, 1985.

Michael R. Jennings, Lebanon, Tenn., for movant.

Margaret Behm, Nashville, Tenn., for debtor.

## ORDER

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the motion of Lebanon Housing Authority (hereinafter referred to as "movant") objecting to the debtor's assumption of a lease and requesting relief from the stay to execute an eviction order entered against the debtor. Upon consideration of stipulations, briefs of the parties, statement of counsel, and the entire record, the court holds that the lease did not terminate prepetition, and the debtor is entitled to assume the lease obligation.

The facts in this matter are stipulated. On January 6, 1982, the debtor and the movant entered into a lease for an apartment in the Inman Court Housing Project. On May 4, 1984, Judge Capers of the Wilson County Circuit Court entered an order of eviction in favor of the movant and against the debtor and his wife. On May 14, 1984, the debtor filed a Chapter 13 bankruptcy petition.

In the debtor's plan, the debtor attempted to assume his lease with the movant and pay the arrearage under the plan. The movant objected to the debtor's assumption of the lease, arguing that the lease terminated prior to the bankruptcy filing. The movant also requested relief from the stay to enforce the eviction order.

A debtor is entitled, under 11 U.S.C. § 365 (West 1979) to assume or reject any executory contract or unexpired lease of the debtor. The issue before the court is whether the order of eviction terminated the debtor's lease and foreclosed his right to assume his lease under § 365.

The debtor has cited this court's decision of *Smith v. Maurice Karr Realty Company*, Case No. 380–01112, Adv.Proc. No. 380–0323 (Bankr.M.D.Tenn., November 4, 1980) as authority for the proposition that the lease did not terminate until after the lapse of ten days from the rendering of the eviction judgment. In *Smith*, the court held that a lease did not expire under Tennessee law until the debtors' possessory interests were terminated. Since a writ of possession could not issue under TENN. CODE ANN. § 23–1628 until ten days from the rendering of the eviction judgment and the bankruptcy petition was filed within nine days from the issuance of the detainer warrant, the court found that the debtors still had a possessory interest in the lease.

The provision of the Code section relied upon by the *Smith* court is now codified at TENN.CODE ANN. § 29–18–126 (1980). That section states: "[n]o execution or writ of possession shall issue against the defendant upon any judgment, under the provisions of this chapter, until after the lapse of ten (10) days from the rendition of the judgment." Herein, the bankruptcy petition was filed on the tenth day following the movant's eviction judgment, and, pursuant to *Smith*, the court finds that the debtor had a possessory interest in the lease at the time of filing. Since the lease, by its terms, could not terminate unless there was a "serious or repeated violation of material terms of the lease such as failure to make payments", the court must find that the termination was not effective until the movant's judgment against the debtor had been finalized by a writ of possession. Accordingly, the court finds that the debtor may assume the lease under 11 U.S.C. § 365 (West 1979).

The movant cited the court to the cases of *Grand Hudson Corporation v. GSVC Restaurant Corp.*, 6 Bankr.Ct.Dec. 295, 10 B.R. 300 (S.D.N.Y.1980) and *Omni International, Ltd. v. Mimi's of Atlanta, Inc.*, 2 C.B.C.2d 805, 5 B.R. 623 (Bankr.N.D.Ga. 1980). These cases are not applicable to the matter before the court since *Grand Hudson Corporation* relied on specific provisions of New York state property law

and *Omni International, Ltd.* relied on specific provisions of the lease in question.[1]

Accordingly, the court hereby ORDERS, ADJUDGES, and DECREES that the lease between the debtor and the movant did not terminate prepetition, and the debtor may assume that lease pursuant to 11 U.S.C. § 365 (West 1979).

IT IS, THEREFORE, SO ORDERED.

---

1. The parties have raised an argument concerning whether the Tennessee Uniform Residential Landlord and Tenant Act applies to this case. The court finds that it is unnecessary to resolve this issue to decide the case.