**In re Edward JARMAN d/b/a Peppermint Records, Debtor.**

**Bankruptcy No. 88–73975.**

United States Bankruptcy Court, D. South Carolina.

March 1, 1989.

Donna Faye Shetley, Spartanburg, S.C., for movant.

Donald L. Pilzer, Greenville, S.C., for debtor.

## ORDER

WILLIAM THURMOND BISHOP, Bankruptcy Judge.

Before the court is the motion of Johnson Development Company (the Lessor) for relief from the automatic stay pursuant to 11 U.S.C. § 362[1]. In the alternative, the Lessor seeks adequate protection, pursuant to

only.

§ 361, and the assumption or rejection of a lease, pursuant to § 365. The debtor/Lessee, Edward Jarman d/b/a Peppermint Records, filed an objection to the motion.

## FINDINGS OF FACT

The subject of the lease agreement and its amendment is a store in a shopping mall in Spartanburg County, South Carolina. On September 19, 1988, the debtor agreed in an amendment to the original lease to make timely payments of certain promissory notes given to the Lessor as the debtor's promise to pay rent arrearages. The debtor agreed in this amendment to the following term:

3. Lessee agrees that the Lessor shall have the right of immediate termination of said Lease Agreement [dated May 9, 1983, as first amended September 2, 1986] in the event that Lessee fails to make any payments when due as required by said promissory notes; and further that the hereinabove right of termination shall be in addition to any other rights and remedies available to Lessor under said Lease Agreement ...; and no further notice will be required or provided to Lessee by Lessor of the right of immediate termination by Lessor;

By his own admission, the debtor failed to make the October 15, 1988, payment. A notice to quit the leased premises was sent to the debtor in a letter dated October 20, 1988, although no notice was required by the terms of the amended lease. The Lessor commenced eviction proceedings in state court on October 25, 1988 because the debtor would not vacate the premises. The lease was validly terminated prior to the debtor filing his petition for relief pursuant to Chapter 11 of the Bankruptcy Code on December 13, 1988.

## ISSUES

1. Does the automatic stay apply to a lease when the original term has not yet expired but due to default, the lease has been terminated?

2. If the automatic stay does apply, is the lease excepted from protection of the automatic stay pursuant to § 362(b)(10)?

## CONCLUSIONS OF LAW

In *Sarasota–Manatee Airport Authority v. Racing Wheels, Inc. (In the matter of Racing Wheels, Inc.)* 5 B.R. 309 (Bankr.M. D.Fla.1980), the court held that:

[w]here under State laws, the lease has been terminated and the relationship of the landlord and the tenant is annulled by a final state process of eviction prior to the filing of a petition in bankruptcy, no interest exists for a trustee or debtor-in-possession to assume. *In re G.S.V.C. Restaurant Corp.*, 1 C.B.C.2d 991 [10 B.R. 300] (S.D.N.Y.); *In re Schokbeton Industries, Inc.*, 466 F.2d 171 (5th Cir. 1972).

*In re Racing Wheels, Inc.*, at 312.

■ An executory contract or lease validly terminated prior to the institution of bankruptcy proceedings is not resurrected by the filing of the petition in bankruptcy. *Kopelman v. Halvajian (In re Triangle Laboratories)*, 663 F.2d 463 (3d Cir.1981), citing *In re Commodity Merchants, Inc.*, 538 F.2d 1260, 1263 (7th Cir.1976); *In re GSVC Restaurant Corp.*, 10 B.R. 300, 302 (D.C.S.D.N.Y.1980); *In re Youngs*, 7 B.R. 69, 71 (Bankr., D.Mass.1980); *In re Mimi's of Atlanta, Inc.*, 5 B.R. 623, 627–29 (Bankr., N.D.Ga.1980), aff'd and remanded, 11 B.R. 710 (D.C.N.D.Ga.1981); *In re Bronx–Westchester Mack Corp.*, 4 B.R. 730, 731 (Bankr., S.D.N.Y.1980); Fogel, *Executory Contracts and Unexpired Leases in the Bankruptcy Code*, 64 Minn.L.Rev. 341, 346 (1980).

The case before the court is similar to that of *Grand Hudson Corp. v. GSVC Restaurant Corp. (In re GSVC Restaurant Corp.)*, *supra*, at 993, 10 B.R. 300, which states:

If the termination of a lease has not been completed, or if it can be reversed by application of state procedures (so that the matter is still *sub judice*), the trustee or debtor in possession may still assume such rights and pursue them. *In re Burke*, 76 F.Supp. 5 (S.D.Cal.1948). However, a more difficult problem arises where the lease has already been termi-

nated according to its terms under the applicable state law and final state process has been issued evicting the tenant. *Robertson v. Langdon,* 72 F.2d 148 (7th Cir.1934). In this instance, the trustee has nothing to assume. 2 *Collier on Bankruptcy,* para. 365.04 (15th ed., 1979). It would be chaotic if every eviction proceeding could ultimately be frustrated by the last minute filing of a Chapter 11 proceeding in federal court. There would be no finality whatever to state court landlord-tenant proceedings.

The Lessor contends that the automatic stay of § 362(a) does not apply by virtue of § 362(b)(10), which states:

> The filing of a petition ... does not operate as a stay under subsection (a) of this section, of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property;

 This Court agrees with the Lessor that the automatic stay does not apply, not because of § 362(b)(10) but instead because on the date of filing, there was nothing for the automatic stay to protect. Here the debtor defaulted in the original lease by not making the rent payments but to avoid terminating same, the Lessor agreed to a lease modification or agreement which provided for immediate termination in the event the debtor failed to make any payments required by the amendment. The *quid pro quo* to the Lessor for the forbearance of its rights to have the lease terminated was the immediate termination in the future, without notice and without further legal action, in the event of a default in making payment of three promissory notes evidencing the rent arrearage. Even though the Lessor did in fact notify the Lessee to leave when these payments were not made, such was not necessary.

This court is further of the belief that the eviction proceedings, subsequently commenced by the Lessor, also were not a necessary element or requirement in adju-

dicating and thereby terminating this lease, but were necessary only in order to gain possession of the premises because the debtor would not leave.

Because this court has found that the lease was terminated prior to the debtor's filing, it was not protected by the automatic stay. Nevertheless, in order to remove any cloud which may exist on this property as a result of the debtor's filing the petition for relief, this court orders that any stay under § 362(a) should be lifted for cause.

Since this court is lifting the automatic stay for the reasons hereinabove set forth, any determination of the effect of § 362(b)(10), as well as of the alternate relief requested by the movant, is moot.

THEREFORE IT IS ORDERED:

(a) that the automatic stay of § 362 is lifted for cause.

(b) the Lessor may proceed with any additional remedies available to it in state court as it relates to this property.