**CITY AUTO, INC., Plaintiff–Counterdefendant,**

v.

**EXXON COMPANY, U.S.A., A DIVISION OF EXXON CORPORATION, Defendant–Counterclaimant.**

**Civ. A. No. 92–0677–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Oct. 15, 1992.

---

William Lloyd Taylor, Taylor, Thiemann & Aitken, Alexandria, Va., Sean J. Coleman, Fairfax, Va., for plaintiff.

Robert Ernest Leidenheimer, Jr., Howrey & Simon, Washington, D.C., for defendant.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the Court on Defendant Exxon Company's motion respecting Plaintiff City Auto, Inc.'s failure to post the bond required by this Court's July 22, 1992 Order.

Plaintiff-counterdefendant City Auto, Inc. is an Exxon service station franchisee who repeatedly made late rent payments for the service station premises located at 6661 Arlington Boulevard, Falls Church, Virginia. After several warnings, four consecutive rent checks from City Auto to Exxon were returned by the bank for insufficient funds. Accordingly, on February 4, 1992, Exxon terminated its lease and franchise relationship with City Auto.

City Auto sued Exxon for wrongful termination. While that termination and this lawsuit were pending, City Auto again failed to pay both its June, 1992 rent when due and for an April 2, 1992 fuel delivery. On July 9, 1992, Exxon issued another notice of termination, terminating City Auto's lease, sales agreement and franchise relationship with Exxon. Exxon further requested City Auto to vacate the service station on July 22, 1992.

On July 22, 1992, this Court entered an Order granting plaintiff's motion for a preliminary injunction to enjoin Exxon from implementing the termination of City Auto's lease and franchise. The Order further stated that "[p]laintiff shall post a bond in the amount of $20,000 at this time." The bond was intended to secure Exxon from damages occasioned by City Auto's failure to pay sums owing to Exxon during the life of the injunction.

Despite this Court's explicit directive that a bond was required, City Auto never posted the required bond, but instead filed for bankruptcy on August 14, 1992.

■ Rule 65(c) of the Federal Rules of Civil Procedure plainly states that "[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper...." The bond requirement is mandatory, a "violation of which warrants dismissal." *Patuxent Section I Corp. v. St. Mary's County Metro. Comm'n,* 19 Fed.R.Serv.2d (Callaghan) 1395 (4th Cir.1975); *see also Robinson v. Benbow,* 298 F. 561, 572 (4th Cir.1924) ("[E]ven upon the assumption that the plaintiff upon his showing might have been entitled to some form of restraining order, none should have issued without demanding from him the bond required by the express terms of [Rule 65(c)'s predecessor]."); *see, e.g., Hopkins v. Wallin,* 179 F.2d 136, 137 (3d Cir.1949) (bond is a condition precedent to the granting of a preliminary injunction); *United States v. Associated Air Transp., Inc.,* 256 F.2d 857, 861 (5th Cir.1958) (until the bond required for a preliminary injunction is posted, the order is conditional and without operative effect); *Atomic Oil Co. v. Bardahl Oil Co.,* 419 F.2d 1097, 1100–01 (10th Cir.1969) ("Rule 65(c) states in mandatory language that the giving of security is an absolute condition precedent to the issuance of a preliminary injunction. It imports no discretion on the trial court to mitigate or nullify that undertaking after the injunction has issued."), *cert. denied,* 397 U.S. 1063, 90 S.Ct. 1500, 25 L.Ed.2d 685 (1970).

Further, the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801, *et seq.,* is consistent with Rule 65, in that it states that a court can require a franchisee to "post a bond, in an amount established by the court *prior to the issuance or continuation of any equitable relief.*" 15 U.S.C. § 2805(b)(3) (emphasis added).

■ Since City Auto did not post the required bond, its interest in the franchise terminated as scheduled on July 22, 1992,

which clearly was *before* the commencement of the bankruptcy case.

It follows that since the franchise was terminated before City Auto filed its August 14, 1992 bankruptcy petition, the franchise is not part of City Auto's bankruptcy estate and the bankruptcy stay does not apply to this proceeding. Section 541 of the Bankruptcy Code defines the estate of the debtor as "all legal or equitable interests of the debtor as of the commencement of the case...." 11 U.S.C. § 541 (1988). Since the franchise was terminated before City Auto filed its August 14, 1992 bankruptcy petition, the franchise is not part of City Auto's bankruptcy estate and the bankruptcy stay does not apply to this proceeding. *See In re Tudor Motor Lodge Assocs.*, 102 B.R. 936, 948 (Bankr.D.N.J. 1989) (rights in a franchise agreement are not part of the bankruptcy estate where the agreements have been effectively terminated prior to the filing of the bankruptcy petition); *In re Jarman*, 118 B.R. 380, 382 (Bankr.D.S.C.1989) (leases terminated before filing of the bankruptcy petition are not protected by the code's automatic stay provisions).

Clearly, the preliminary injunction decree in the Court's July 22, 1992 Order never took effect because City Auto failed to post the required $20,000 bond. Accordingly, this Court finds that no preliminary injunction ever issued, and the termination of City Auto's franchise became effective on or before July 22, 1992. Since the franchise was terminated before the plaintiff filed its bankruptcy petition, the bankruptcy stay provisions are not applicable to this proceeding. Further, Exxon is entitled to a preliminary injunction granting it possession of the service station premises located at 6661 Arlington Boulevard, Falls Church, Virginia.

An appropriate Order shall issue.

### ORDER

For reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that Exxon Company, U.S.A. is GRANTED possession of its service station premises located at 6661 Arlington Boulevard, Falls Church, Virginia.